## 28435. McFARLAND v. McFARLAND.

INGRAM, Justice. The question for decision in this appeal is whether a final divorce in Gwinnett Superior Court was "granted at an unauthorized time and in violation of an agreement . . . between appellant and appellee."

Appellee filed his complaint for divorce in the Superior Court of Gwinnett County against appellant on May 8, 1973. Appellant was personally served on May 9, 1973. Subsequently, on May 11, 1973, the parties signed a settlement agreement and appellant also signed an acknowledgment of service and waiver of further notice in the case. In addition, the parties signed a separate agreement entitled an "Agreement to Try at First Term." These documents, executed on May 11, 1973, were filed by the appellee's attorney in the clerk's office of Gwinnett Superior Court on May 25, 1973.

Thereafter, without any defensive pleadings having been filed by appellant, and without further notice to appellant, the appellee and his lawyer appeared in Gwinnett Superior Court and obtained a final divorce decree on June 15, 1973. The decree incorporated the earlier settlement agreement of the parties dated May 11, 1973 and made it a part of the final divorce decree. Neither appellant nor her lawyer was present in court at the time the final divorce decree was entered.

On August 9, 1973, appellant moved to vacate and set aside the decree and later amended the motion. The grounds of the amended motion assert that the "Agreement to Try at First Term" authorized the trial of the case at any time after thirty

days from date of service or the date of filing the agreement, whichever was later, and that, since the case was tried less than thirty days from the date of filing the agreement, the court was not authorized to enter a final decree on June 15, 1973.

The "Agreement to Try at First Term" provides that, "the undersigned parties to the within divorce case hereby consent and agree that the same may be tried at any time after thirty (30) days have elapsed from the date of filing or service of the same upon the defendant, whichever occurs later."

Appellant argues forcefully that the words, "date of filing," in this agreement refer to filing the agreement itself rather than to the complaint for divorce. We do not agree with this interpretation of the agreement. The language of the agreement plainly states the case may be tried at any time after 30 days *from the date of filing or service of the same*" upon defendant, whichever occurs later. (Emphasis supplied.) As pointed out by the appellee, the language in question refers to the complaint for divorce, which must be filed and served to give defendant proper notice of the case.

While it can be reasonably argued that the word "filing" might relate to some other document in the case, it is clear to us that the words "or service of the same" used in connection therewith indicate this disjunctive phrase in question refers to the "filing or service" of the complaint for divorce and not to some agreement in the case, which it was unnecessary to "serve" on the appellant.

The final decree was entered at a time when the court was authorized to do so upon proper proof submitted to it and the decree was not entered in violation of the agreement between the parties. The fact that the case was ready for a final hearing on June 15, 1973, without an agreement to try it at the first term, does not render invalid the agreement authorizing it to be heard at that time. The agreement simply confirmed the case would be tried as soon as it was ready for trial under the law. See *Harris v. Harris,* 228 Ga. 562 (187 SE2d 139).

The judgment of the trial court overruling appellant's amended motion to vacate and set aside the decree is affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 15, 1974 — DECIDED FEBRUARY 18, 1974.

*Paul R. Koehler,* for appellant.

*Harrison & Garner, James W. Garner,* for appellee.