32854. GEORGIA FRANCHISE PRACTICES COMMISSION et al. v. MASSEY-FERGUSON, INC. et al.

PER CURIAM.

The Georgia Franchise Practices Commission and its member commissioners appeal a declaratory judgment of the Fulton Superior Court which found the Motor Vehicle, Farm Machinery and Construction Equipment Franchise Practices Act, Ga. L. 1976, pp. 1440-1456, to be unconstitutional. In granting the appellee-plaintiffs' motion for summary judgment, the trial court found that the Act is unconstitutional on the following grounds: (1) the Act violates Article 4, Section 4, Paragraph 1 of the Constitution of the State of Georgia declaring illegal all contracts and agreements that may have the effect, or be intended to have the effect, to defeat or lessen competition, or encourage monopoly; (2) the Act contravenes plaintiffs' rights to substantive due process and equal protection of the laws in violation of the Fourteenth Amendment to the United States and Georgia Constitutions; (3) the Act contravenes plaintiffs' rights to procedural due process in violation of the Fourteenth Amendment to the United States and Georgia Constitutions; (4) the Act improperly and unlawfully

restrains and restricts interstate commerce in violation of Article 1, Section 8, Clause 3 of the United States Constitution; (5) the Act conflicts with federal antitrust law, specifically Sections 1 and 2 of the Sherman Act and Section 2 (b) of the Robinson-Patman Act, and thus violates the supremacy clause of the United States Constitution; (6) the Act improperly and unlawfully impairs existing contractual obligations between plaintiffs and their dealers in violation of Article 1, Section 10, Paragraph 1 of the United States Constitution and Article 1, Section 3, Paragraph 2 of the Constitution of the State of Georgia; (7) the Act improperly and unlawfully delegates legislative responsibility to the Franchise Practices Commission in violation of Article 3, Section 1, Paragraph 1 of the Constitution of the State of Georgia; and (8) the Act deprives plaintiffs of their property without just and adequate compensation being first paid in violation of the Fourteenth Amendment to the United States Constitution and Article 1, Section 3, Paragraph 1 of the Constitution of the State of Georgia.

The judgment of the trial court was rendered on May 26, 1977. On June 23, 1977 this court handed down its decision in *General GMC Trucks, Inc. v. General Motors Corp.*, 239 Ga. 373 (237 SE2d 194) (1977). That decision was addressed to specific portions of the Act, as opposed to the Act as a whole. Implicit in the decision was the unexpressed finding that the Franchise Practices Act was severable, to wit: that the constitutional infirmities inherent in Code Ann. § 84-6610 (f) (10) (Supp. 1976) did not render the entire Act unconstitutional. The Act specifically provides for severability. See Ga. L. 1976, pp. 1455-1456, Section 2.

Recognizing first that the provisions of the Franchise Practices Act are severable, the Act as a whole is not unconstitutional for any of the reasons set out in the trial court's final judgment. There are provisions of the Act which pass constitutional scrutiny under any of the grounds reviewed by the trial court.

For example, Code Ann. § 84-6610 (d) (1) provides that the Franchise Practices Commission may deny, suspend, censor or revoke a license to a franchised dealer who "has represented or sold as new and unused, any

motor vehicle, construction equipment or farm machinery which has been operated for demonstration purposes or which otherwise has been used." None of the grounds proffered by the appellee and adopted by the trial court for the finding that the Act is unconstitutional render § 84-6610(d)(1) constitutionally deficient. It is a valid exercise of a legislative power which addresses a legitimate state concern — the health, welfare and morals of this state's citizenry.

While other sections of the Franchise Practices Act may also withstand constitutional attack and while there may be portions of the Act that are patently unconstitutional, this court only reaches the question of the constitutionality of the Act as an entirety. The Franchise Practices Act is not unconstitutional as a whole. Accordingly, the decision of the trial court is reversed.

*Judgment reversed. All the Justices concur, except Hill, J., disqualified.*

ARGUED OCTOBER 12, 1977 — DECIDED JANUARY 24, 1978 — REHEARING DENIED FEBRUARY 21, 1978.

*Arthur K. Bolton, Attorney General, John C. Jones, Staff Assistant Attorney General,* for appellants.

*Jones, Bird & Howell, Earle B. May, Jr., Kevin E. Grady,* for appellees.

*Alston, Miller & Gaines, G. Conley Ingram, Ronald L. Reid,* amicus curiae.