## 35024. GEORGIA FRANCHISE PRACTICES COMMISSION et al. v MASSEY-FERGUSON, INC. et al.

BOWLES, Justice.

Following a decision by this court in *Georgia Franchise Practices Comm. v. Massey-Ferguson, Inc.,* 240 Ga. 743 (242 SE2d 69) (1978), wherein we held that the Motor Vehicle, Farm Machinery and Construction Equipment Franchise Practices Act, Ga. L. 1976, pp. 1440-1456 (Code Ann. Ch. 84-66), hereinafter referred to as the Franchise Practices Act, was not unconstitutional in its entirety, appellees renewed their motion for summary judgment challenging various portions of the Franchise Practices Act, asserting a multiplicity of constitutional infirmities. The Georgia Franchise Practices Commission countered with a cross motion for summary judgment asserting that the case was now moot because all parties, following the above cited decision, had applied for and had become licensed with the Franchise Practices Commission, and the Commission had no complaints against any of the licensees.

After hearing, the Fulton Superior Court denied the Commission's cross motion for summary judgment, and granted appellee's renewed motion for summary judgment finding multiple sections of the Franchise Practices Act to be unconstitutional. Thereafter, on April 25, 1979, the Governor signed into law House Bill

Number 600 which amends Code Ann. §§ 84-6603, 84-6609, 84-6610 and 84-6612 of the Franchise Practices Act. See Ga. L. 1979, p. 1625.

The Commission here appeals the order of Fulton Superior Court, granting appellee's motion for summary judgment. We affirm.

1. Appellant argues that as a result of legislation signed into law on April 25, 1979, the portions of the lower court's order dated February 14, 1979, declaring Code Ann. §§ 84-6603, 84-6603(s), 84-6603(s)(1), 84-6603(s)(2), 84-6609, 84-6610(a), 84-6610(b), 84-6610(c), 84-6610(d), 84-6610(d)(1), 84-6610(d)(2), 84-6610(d)(3), 84-6610(f)(3), 84-6610(f)(4) 84-6610(f)(5), 84-6610(f)(11), 84-6610(f)(12) and 84-6610(f)(14) to be unconstitutional should not be considered, because these issues are now moot.

We have reviewed the two Acts and conclude that the 1979 Act is a substantive re-enactment of the 1976 Act. While many of the subsections are not mirror images of the old Act and do not necessarily appear in the same order, their purpose and intent are viewed by this court to be identical. Therefore, the constitutional challenges made under the 1976 Act will be considered in this appeal. All of the following Code sections declared unconstitutional in this opinion appear in the 1979 Act.

2. We find sections 84-6603(s) and 84-6610(a)(4) of the Franchise Practices Act are unconstitutional, null and void because each of said sections violates Art. III, Sec. VIII, Par. VIII of the 1976 Constitution of the State of Georgia (Code Ann. § 2-1409) declaring illegal all contracts and agreements that may have the effect, or be intended to have the effect to defeat or lessen competition, or to encourage monopoly.

The clear purpose of these sections is to permit franchised dealers to restrict competition and create a monopoly in the retail sale of motor vehicles. The provisions permit the establishment of a market allocation among franchised dealers and thereby prevent any competition between dealers and companies in the sale of the same line-make equipment. The sections are very similar to and of the same purpose as Code Ann. § 84-6610(f)(10) which was declared unconstitutional in *General GMC Trucks, Inc. v. General Motors Corp.,* 239

Ga. 373 (3) (237 SE2d 194) (1977). The unconstitutional sections, by dividing sales areas among the franchised dealers and protecting them from competition, were properly declared to violate the Georgia Constitution.

3. Sections 84-6603, 84-6605, 84-6610(a)(4) and 84-6610(b)(3) of the Act are unconstitutional, null and void because each and every section violates the Fourteenth Amendment to the United States Constitution (Code Ann. § 1-815) and Art. I, Sec. I, Par. I, and Art. I, Sec. II, Par. III of the 1976 Constitution of the State of Georgia (Code Ann. §§ 2-101, 2-203).

The cited sections violate the due process clause by seeking to regulate an industry not affected with a public interest, *General GMC Trucks, Inc. v. General Motors Corp.,* supra, and by restricting competition.

4. Sections 84-6603(s), 84-6604(d), 84-6610(a)(3) and 84-6610(b)(3) of the Act are unconstitutional, null and void because each and all of said sections improperly and unlawfully delegate legislative responsibility to the Franchise Practices Commission in violation of Art. III, Sec. I, Par. I of the 1976 Constitution of the State of Georgia (Code Ann. § 2-801).

The prohibited sections grant to the Commission the power to define instances in which the Act will apply but fails to set up guidelines for making these determinations. These sections give the Commission broad discretionary authority to determine grounds for denial or revocation of an application for a license. Such broad discretion violates the Georgia Constitution. *Howell v. State,* 238 Ga. 95 (230 SE2d 853) (1976).

5. Sections 84-6610(a), 84-6610(b) and 84-6610(c) of the Act are unconstitutional, null and void because each and all of said sections improperly and unlawfully impair existing contractual obligations between manufacturers and dealers in violation of Art. I, Sec. X, Par. I of the United States Constitution (Code Ann. § 1-134) and Art. I, Sec. I, Par. VII of the 1976 Constitution of the State of Georgia (Code Ann. § 2-107).

A legislative enactment impairs the obligations of a contract when it takes from a party the rights to which he is entitled under its terms. The void sections here allow the revocation of license contracts by dealers based on

standards set by the Commission and not contracted for in the free market place. This imposes additional burdens and changes the obligation on the parties to the contract.

For the foregoing reasons, we find that each and all of said sections of the Franchise Practices Act are unconstitutional, null and void. The trial court correctly granted summary judgment to appellees.

6. While section 6 of the Act does contain a severability clause, we find that the unconstitutional portions of the Act are so connected with the general scope of the statute that when they are stricken, effect cannot be given to the legislative intent of the rest of the Act. The presence of a severability clause does not change the rule that in order for one part of a statute to be upheld as severable when another is stricken as unconstitutional they must not be mutually dependent on one another. *City Council of Augusta v. Mangelly,* 243 Ga. 358(2) (254 SE2d 315) and cits. Accordingly, it follows that the Georgia Motor Vehicle, Farm Machinery and Construction Equipment Act, Ga. L. 1979, p. 1625 et seq. must fall in its entirety.

*Judgment affirmed. Nichols, C. J., Undercofler, P. J., Jordan and Marshall, JJ., concur. Hill, J., is disqualified.*

ARGUED JUNE 13, 1979 — DECIDED DECEMBER 5, 1979.

*Arthur K. Bolton, Attorney General, John C. Jones, Assistant Attorney General,* for appellants.

*Jones, Bird & Howell, Earle B. May, Jr., Kevin E. Grady,* for appellees.