37350, 37351. ALLEN v. BOARD OF TAX ASSESSORS OF PAULDING COUNTY (two cases).
37352, 37353, 37354. COLE et al. v. BOARD OF TAX ASSESSORS OF PAULDING COUNTY (three cases).

CLARKE, Justice.

Certain taxpayers are attacking the constitutionality of Code Ann. § 81A-105 (b). This is a portion of the Civil Practice Act which provides that whenever service is permitted or required to be made upon a party represented by an attorney, service shall be made upon the attorney by delivery or by mail to his last known address. The section further expressly provides that service is complete upon mailing.

Appellants here are property owners complaining of a reassessment of their ad valorem taxes by the Board of Tax Assessors of Paulding County. Appellants filed appeals from the decisions of the Paulding County Board of Equalization to the Superior Court of Paulding County. In each case defendant Board of Tax Assessors of Paulding County filed a motion for summary judgment, a notice of hearing, and an affidavit in support of the motion to the effect that none of the property owners had paid taxes finally determined to be due as required by Code Ann. § 91A-1029. A certificate of service signed by defendant's attorney accompanied the motions. The hearing was held in each case and the motions granted. Some months later, in each case, the attorney who represents the plaintiff filed a motion to set aside the judgment on the ground that he had no notice

of the motion or hearing and that Code Ann. § 81A-105 (b) is unconstitutional because it does not require actual receipt of notice. In each case he made an affidavit that he received no notice. In each case the attorney for defendant made an affidavit that he served notice of the motion as required by statute. The trial court, after a hearing on the motion to set aside the judgment, denied the motion.

Under Code Ann. § 81A-105 (b) service by mail is permissible. Upon mailing of the service copy, service is complete. The fact that service is complete, if unrefuted, controls. *Tyson v. Automotive Controls Corp.,* 147 Ga. App. 409 (249 SE2d 99) (1978); *Farr v. Farr,* 120 Ga. App. 762 (172 SE2d 158) (1969). It is undisputed that service was made in compliance with the provisions of Code Ann. § 81A-105 (b). Where service is properly made, actual notice is not required. Cf. Kiki Undies Corp. v. Promenade Hosiery Mills, 308 FSupp. 489 (S.D. N.Y. 1969) (construing Rule 5(b), F.R.C.P.).

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U. S. 306, 314 (70 SC 652, 94 LE 865) (1949). The notice provided by Code Ann. § 81A-105 (b) is reasonably calculated to inform parties of matters affecting their interests. There is no constitutional requirement beyond this. We conclude that once apprised of the pendency of a lawsuit a party's constitutional right to notice and an opportunity to be heard is met by the service by mail provided by Code Ann. § 81A-105 (b).

*Judgment affirmed. All the Justices concur, except Hill, P. J., who dissents.*

DECIDED APRIL 30, 1981 —
REHEARING DENIED MAY 13, 1981.

*Marson G. Dunaway, Jr.,* for appellants.
*Lane & Sanders, Thomas C. Sanders,* for appellee.