## 66441. YOUNG et al. v. JOHNSON.

McMURRAY, Presiding Judge.

This is a wrongful death action arising from the deaths of plaintiff Johnson's minor daughter and plaintiff's husband in a fire occurring in a residence owned by the defendants allegedly caused by their negligence. Plaintiff filed her complaint which included a prayer for a temporary restraining order and interlocutory injunction to prevent the defendants from altering the remains of the burned residence in which plaintiff's husband and daughter died, pending inspection by the plaintiff. The defendants were restrained and enjoined "pending further hearing" from altering the remains of the dwelling. A rule nisi hearing was then held and an order issued continuing the temporary restraining order and temporary injunction to remain in full force for 15 days but to be dissolved under its own terms after September 2, 1982.

Defendants answered the complaint and set forth several defenses; and also sought the dissolution of the temporary injunction as having been illegally issued.

Thereafter, on December 17, 1982, plaintiff filed a voluntary dismissal without prejudice of her complaint with a certificate of service thereon signed by plaintiff's counsel on the same date as same was filed setting forth that same was served on the opposing party by depositing a copy of same in the United States mail in a properly addressed envelope with adequate postage.

On January 12, 1983, defendants sought to amend their answer so as to add a counterclaim setting forth an action for abuse of process. On January 14, 1983, the defendants moved to set aside the voluntary dismissal of plaintiff, contending same was filed without notice to the defendants or their counsel who had no notice until the date that the amended answer had been filed.

A hearing was then held by rule nisi as to whether the voluntary dismissal should be stricken, and the motion to set it aside was denied. The record contains affidavits of defendants' counsel offered in support of that motion which show that defendants' counsel received no actual notice of plaintiff's voluntary dismissal until January 12, 1983, and as to a conversation between one of the defendants' counsel and one of plaintiff's counsel, by which it appears that on December 14, 1982, some three days before the filing of the voluntary dismissal, that plaintiff's counsel was aware of what the plans of his Chattanooga co-counsel were in the case sub judice. Other affidavits by plaintiff's counsel and an office secretary, however, state that the voluntary dismissal was duly mailed to opposing counsel on December 17, 1982.

Defendants' counsel then sought and obtained a certificate of immediate review and filed an interlocutory appeal with the Supreme Court of Georgia. At the same time a direct appeal to the Supreme Court of Georgia was sought. The Supreme Court transferred the interlocutory appeal and the direct appeal to this court for review. The interlocutory appeal was denied by this court. *Held:*

Defendants' arguments amount to two points. First, defendants contend that the voluntary dismissal is ineffective prior to the receipt of actual notice by defendants so that the January 12, 1983 counterclaim was initiated prior to the consummation of the voluntary dismissal and permits defendants to prevent the voluntary dismissal by their objection thereto as provided by OCGA § 9-11-41 (a) (formerly Code Ann. § 81A-141 (a) (Ga. L. 1966, pp. 609, 653; 1982, p. 784)). Assuming for the moment that the voluntary dismissal was placed in the mail on December 17, 1982, the date of mailing is the

effective date of service of the required notice so that the voluntary dismissal was effective on that date. See OCGA § 9-11-5 (b) (formerly Code Ann. § 81A-105 (b) (Ga. L. 1966, pp. 609, 615; 1967, pp. 226, 229)); *Allen v. Bd. of Tax Assessors of Paulding County,* 247 Ga. 568, 569 (277 SE2d 660). The voluntary dismissal is clearly shown to bear a certificate of service so that pursuant to the above cited statute and case defendants were served with notice of the voluntary dismissal on December 17, 1982, substantially prior to defendants' attempt to initiate their counterclaim. Plaintiff's affidavits in support of this matter are supportive of this service. Thus, at the time of the voluntary dismissal there was no counterclaim which might permit defendants to object to the voluntary dismissal under OCGA § 9-11-41 (a) (Code Ann. § 81A-141 (a)), supra.

The second point that defendants make is that the prayer for dissolution of the temporary restraining order and temporary injunction contained in their original answer seeks an affirmative relief thereby barring the voluntary dismissal. However, this temporary injunction and restraining order dissolved under its own terms prior to plaintiff's voluntary dismissal so that this issue was moot at the time the voluntary dismissal was filed. The trial court did not err in denying the motion to set aside the voluntary dismissal. We find no error in any of the enumerations assigned.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 9, 1983.

*Frank M. Gleason, John W. Davis, Jr.,* for appellants.
*Lindsay H. Bennett, Jr., Herbert E. Hamilton III, Thomas O'Neal,* for appellee.