## S97G1234. THORNTON v. NATIONAL AMERICAN INSURANCE COMPANY et al.

(499 SE2d 894)

FLETCHER, Presiding Justice.

The court of appeals reversed the grant of summary judgment to attorney Michael Thornton in this legal malpractice action, concluding that a fact issue existed as to whether Thornton had actual notice of trial before the trial court entered default judgment against Thornton's client.[1] Because we conclude that, under the facts of this case, the notice given to Thornton was not reasonable and there was no genuine issue of fact regarding actual notice, we reverse the court of appeals.

National American Insurance Company retained Thornton to represent its insureds in a wrongful death action filed in Fulton County State Court. The case appeared on an October 4, 1993, two-week trial calendar in the 12th position. The trial court's calendar clerk informed Thornton's associate on the afternoon of Tuesday, October 5 that it did not appear that the case would go to trial the next day or that week. After 5:00 p.m. that day, however, someone from the trial court left a message on the answering machine at Thornton's office stating that the case would be called for trial the next morning at 9:00 a.m. The trial court's October 6 handwritten judgment recites that the case was called for trial at 9:00 a.m. and that the trial court struck the defendants' answer and entered default judgment when Thornton failed to appear by 9:30 a.m. Thornton filed a motion to set aside and a notice of appeal. Soon thereafter, National terminated Thornton, hired new counsel, and settled the case. National then brought the current malpractice action against Thornton. The trial court in the malpractice action granted Thornton's motion for summary judgment and the court of appeals reversed.

1. Uniform Superior Court Rule 8.4 (B)[2] provides that in actions other than the first ten on the published trial calendar, the parties may contact the calendar clerk for permission to await the call of the case for trial "upon reasonable notice to counsel." The trial court in this action published a calendar informing parties that all cases were on "two hours notice."

The court of appeals held that the two-hour provision in the published trial calendar controlled and "superseded the general provisions of USCR 8.4." We find no authority to support this conclusion. While trial courts have discretion to set their trial calendars and

---

[1] *Thornton v. National American Ins. Co.*, 225 Ga. App. 883 (485 SE2d 530) (1997).

[2] The Uniform State Court Rules provide that the Superior Court rules are applicable in state court.

manage the call of cases for trial, this discretion is limited by the due process requirement embodied in Rule 8.4 that notice be reasonable. The notice given to counsel of trial must be reasonable under the totality of the circumstances.

2. There is no dispute that, at best, notice from the trial court to Thornton was left on an answering machine after 5:00 p.m. the day before trial. This notice followed information given earlier that day by the calendar clerk that the case was unlikely to be reached the next day. The case was called at 9:00 a.m. and default entered at 9:30 a.m. Under these circumstances, we conclude that notice was not reasonable as required by Rule 8.4. Because Thornton did not receive reasonable notice, his failure to appear at the call of the case could not, as a matter of law, fall below the applicable standard of care. Therefore, the trial court in this action did not err in entering summary judgment in favor of Thornton.

3. Rule 8.4 does not define the parameters of reasonable notice. The State Bar, as amicus, urges the adoption of a bright-line rule that reasonable notice be construed as 24-hours notice, or at a minimum, two business hours. Because of the varied demands of courts in different judicial circuits and the diversity of cases subject to Rule 8.4, we decline to establish a rule applicable to all. In general, however, recognizing the business day orientation of O.C.G.A. § 1-3-1 (d) (3),[3] the better practice would be to provide notice within normal business hours of 9:00 a.m. to 5:00 p.m. and to provide at least two business hours notice. In order to constitute reasonable notice, greater notice may be required in certain situations, such as cases requiring parties or witnesses to travel from out-of-town.

4. Thornton stated in his deposition that he checked the machine and there were no messages; he also testified that his secretary informed him that she retrieved a message from the answering machine. The court of appeals found that these statements were contradictory and concluded that a message must have been on the machine, and because Thornton said he checked the machine, there was a fact issue regarding whether Thornton had actual notice of trial. The court of appeals reached this conclusion by relying on *Prophecy Corp. v. Charles Rossignol, Inc.*,[4] in which this Court held that on a motion for summary judgment, the moving party's self-contradictory testimony, if not reasonably explained, was to be construed against him.

While the statement, "I checked the answering machine" may be ambiguous in isolation, Thornton's other testimony clarifies the

---

[3] *National American Ins. Co.*, 225 Ga. App. at 887 (Beasley, J., dissenting).

[4] 256 Ga. 27 (343 SE2d 680) (1986).

ambiguity. Thornton stated in an affidavit that he checked the answering machine by looking at the indicator light, but saw no red blinking light, which indicated to him that there were no messages. This testimony certainly suffices as a reasonable explanation for any apparent contradiction. Furthermore, nothing in any of Thornton's testimony supports the court of appeals' inference that he "checked" the answering machine by playing and listening to the tape. Accordingly, the court of appeals erred in focusing on a single statement in Thornton's testimony to the exclusion of the remainder and in using *Prophecy Corp.* to create inferences not supported by the record.

5. The court of appeals also relied on the testimony of National's claim manager that he left a message on the machine at 6:00 p.m. on October 5 as support for disregarding Thornton's favorable testimony. The focus in *Prophecy Corp.*, however, was on testimony made by the moving party. Even if the claim manager's testimony contradicted Thornton's testimony taken as a whole, *Prophecy* does not authorize a court to completely disregard a party's favorable testimony simply because other witnesses offer contradictory testimony.

Because the notice given was not reasonable and because the court of appeals erred in its application of *Prophecy Corp.*, we reverse.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 18, 1998 —
RECONSIDERATION DENIED JUNE 5, 1998.

*Shapiro, Fussell, Wedge, Smotherman & Martin, Robert B. Wedge, Mary L. Hahn,* for appellant.

*Jones, Copeland, Lefkowitz & Greer, Taylor W. Jones, Rebecca C. West,* for appellees.

*William P. Smith III, General Counsel State Bar, Romaine L. White, Deputy General Counsel State Bar, Gambrell & Stolz, Linda A. Klein,* amici curiae.