### A96A2191. NATIONAL AMERICAN INSURANCE COMPANY v. THORNTON.
(509 SE2d 669)

BLACKBURN, Judge.

In *Nat. American Ins. Co. v. Thornton*, 225 Ga. App. 883 (485 SE2d 530) (1997), we reversed the trial court's grant of summary judgment to Michael Thornton in this legal malpractice action. We based such reversal on two grounds: (1) an issue of fact existed as to whether Thornton had actual notice of a pending trial for which he failed to show up, resulting in a default judgment entered against his

client and (2) an issue of fact existed as to whether Thornton's representation of his client following entry of the default judgment was deficient.

The Supreme Court granted certiorari and reversed our decision in *Thornton v. Nat. American Ins. Co.*, 269 Ga. 518 (499 SE2d 894) (1998). However, the Supreme Court did so by addressing the notice issue only, finding that the notice of the pending trial given to Thornton was not reasonable and that no genuine issue of fact regarding actual notice existed. However, the Supreme Court did not address Thornton's clearly deficient representation after entry of a default judgment against his client. For example, although Thornton was aware of the court's ruling on October 6, 1993, he took no meaningful action for 29 days. In ignoring this fact, the Supreme Court is apparently concluding that no jury issue is raised by Thornton's conduct.

It is this Court's duty to enforce and uphold the decisions of our Supreme Court. However, it is a troubling duty in this case, because National American Insurance Company winds up with a default judgment against it, without either its attorney or the trial court, the only two actors in the play, being held accountable. Quite simply, justice has not been served.

Our judgment in this case is vacated, and the judgment of the Supreme Court is made the judgment of this Court.

*Judgment affirmed. Andrews, C. J., McMurray, P. J., Pope, P. J., Beasley, Johnson, Smith, Ruffin, JJ., and Senior Appellate Judge Harold R. Banke concur in the judgment only.*

DECIDED NOVEMBER 20, 1998.

*Jones, Copeland, Lefkowitz & Greer, Taylor W. Jones, Rebecca A. Copeland,* for appellant.

*Shapiro, Fussell, Wedge, Smotherman & Martin, Robert B. Wedge, Mary L. Hahn,* for appellee.