## S98A0983. WRIGHT v. WRIGHT.
(509 SE2d 902)

HINES, Justice.

We granted discretionary appeal in this divorce case to determine whether the motion to set aside the judgment should have been granted, and now reverse.

On February 4, 1997, Linda Wright filed a petition for divorce. Her husband, Stephen Wright, was initially represented by counsel and demanded a jury trial. However, Mr. Wright's attorney was allowed to withdraw from the case in August 1997, and Mr. Wright proceeded pro se. The case was scheduled for a jury trial on November 3, 1997. Although the order permitting Mr. Wright's counsel to withdraw stated that Mr. Wright would be sent all future notices at a specific address, due to a clerical error, he was omitted from the mailing list and never received a copy of the trial calendar.[1]

On Saturday, November 1, 1997, Mr. Wright was personally served with a "SUBPOENA FOR THE PRODUCTION OF DOCUMENTARY EVIDENCE." The subpoena required Mr. Wright to appear at 9:00 a.m., Monday, November 3, 1997, at the Barrow County courthouse and detailed what financial documents he was to bring with him "for use as evidence by the Plaintiff." The subpoena did not state the nature of the November 3 proceeding. On a previous occasion, Mr. Wright had been served with a "SUBPOENA DUCES TECUM" that required he appear at a deposition and bring similar records.

On the morning of November 3, Mr. Wright, believing he had to be notified at least five days before any appearance, called the courthouse to inquire about the November 1 subpoena. He was told by the

---

[1] There is no suggestion in the record that the trial calendar was published in the official county organ. Compare *Crenshaw v. Crenshaw*, 267 Ga. 20, 21 (1) (471 SE2d 845) (1996); *Brown v. C & S Nat. Bank*, 245 Ga. 515, 518 (265 SE2d 791) (1980).

presiding judge's law clerk that if he had not received proper notice, his appearance probably would not be required. He was also advised to contact Ms. Wright's attorney. Mr. Wright attempted to do so, leaving a message on the attorney's answering machine.

Mr. Wright did not appear in court on November 3, and, on Ms. Wright's motion, the court struck Mr. Wright's answer and demand for a jury trial. The court heard evidence presented by Ms. Wright and entered a final judgment and decree, deciding the issues of child custody and support, equitable division of marital property, and alimony. The judgment was entered December 1, 1997. Mr. Wright obtained counsel and, on December 4, filed a motion to set aside the judgment, which was denied.

The issue is whether Mr. Wright was given adequate notice of the trial date so that due process concerns were satisfied. A fundamental requirement of due process in any proceeding which is to be accorded finality is notice that is reasonably calculated to inform interested parties of an impending hearing and afford them an opportunity to present their objections. *Allen v. Bd. of Tax Assessors*, 247 Ga. 568, 569 (277 SE2d 660) (1981).

> Due process requires that a pro se litigant in a divorce action involving children receive adequate notice of the trial date. At a final divorce hearing, a trial court must decide which parent will retain custody of the minor children, must establish reasonable visitation, and must make provision for the support of the children following statutory guidelines. The parties to the divorce action must be given a reasonable opportunity to be heard on these issues. Additionally, providing pro se parties with reasonable notice of the final hearing is in keeping with the legislative mandate that the trial court consider all the circumstances and render a decision that furthers the best interest of the children.

(Footnotes omitted.) *Crenshaw v. Crenshaw*, 267 Ga. 20, 21 (1) (471 SE2d 845) (1996).

Here, as in *Crenshaw*, the trial court had the proper address to which it should have mailed the trial calendar, knew that Mr. Wright was proceeding pro se, and knew that a trial would be required to address matters such as alimony and child custody. Clearly, under such circumstances, Mr. Wright should have been sent a copy of the trial calendar.[2] Id. Ms. Wright contends that Mr. Wright had moved

---

[2] The record does not disclose what number on the trial calendar the case was listed, but it is assumed that it was one of the first ten. See *Thornton v. Nat. American Ins. Co.*, 269 Ga. 518 (499 SE2d 894) (1998); *Green v. Green*, 263 Ga. 551 (437 SE2d 457) (1993); Uniform Superior Court Rule 8.4.

from the address stated in the order granting counsel's motion to withdraw, and that therefore mailing the trial calendar to him at that address would have been a futile act. However, the evidence is uncontroverted that at the relevant time, Mr. Wright continued to spend at least some of his nights there, that he continued to receive his mail there, and that a properly mailed trial calendar would have reached him.

Nor did the November 1 subpoena give Mr. Wright adequate notice of the trial date. Even if it gave him reasonable notice of a proceeding which he was to attend as a *witness*, see OCGA § 24-10-25 (a), it gave him no notice that a final hearing was to be held at which he would be expected to try matters such as equitable division, alimony, child custody, visitation, and support. Due process requires that he be given a reasonable opportunity to be heard on these issues. *Crenshaw*, supra; *Allen*, supra. The notice Mr. Wright received showed only that a proceeding would occur Monday morning and was not substantially different than the deposition subpoena he had received earlier; it did not inform him a hearing would take place, that the case would be tried, or that these fundamental issues of the divorce were to be heard, and was therefore not reasonable notice of a final hearing under the circumstances of this case.

Ms. Wright's testimony that Mr. Wright told her he knew the trial would be in November, but not when in November, does not alter the situation. There is no evidence of actual knowledge of the trial date, only the month. Such knowledge did not provide Mr. Wright with adequate notice of the trial date. Any knowledge that the trial would be held in November does not transform the November 1 subpoena into proper notice of a November 3 trial date, and the court could not so find on the evidence presented. The fact remains that the subpoena did not inform Mr. Wright of the nature of the November 3 proceeding or that final matters were to be tried. Absent notice of the nature of the November 3 hearing, Mr. Wright did not have notice that was reasonably designed to insure he had notice of the trial date, an essential element of due process in this case. Thus, the court abused its discretion in denying the motion to set aside the judgment. *Crenshaw*, supra at 21 (2).

*Judgment reversed. All the Justices concur, except Carley, J., who dissents.*

CARLEY, Justice, dissenting.

The majority reverses the trial court's denial of a motion to set aside the final judgment and decree of divorce entered on December 1, 1997. In so holding, the majority determines that the trial court abused its discretion in finding that Mr. Wright had "notice that was reasonably designed to insure he had notice of the trial date, an essential element of due process in this case." In discovering the

abuse of discretion necessary to support reversal, the majority concludes that the

> "November 1 subpoena [did not] give Mr. Wright adequate notice of the trial date. Even if it gave him reasonable notice of a proceeding which he was [entitled] to attend as a witness, see OCGA § 24-10-25 (a), it gave him no notice that a final hearing was to be held at which he would be expected to try matters such as equitable division, alimony, child custody, visitation, and support. Due process requires that he be given a reasonable opportunity to be heard on these issues. [Cits.]"

(Majority Opinion, p. 231.)

Because I believe that the subpoena gave Mr. Wright adequate notice and thus satisfied due process concerns, I dissent. I think that by attaching as Exhibit A to this dissent an actual copy of the subpoena served on Mr. Wright, I can best illustrate why I conclude that there was no abuse of discretion by the trial court in finding that Mr. Wright had sufficient notice. I think that it is important to note that the subpoena is captioned "In the Superior Court of Barrow County State of Georgia," styled in the divorce case of "Linda M. Wright, Plaintiff [v.] Stephen L. Wright, Defendant," and contains the correct Civil Action File Number for the divorce case. I also point out the language included in the body of the subpoena commanding the defendant to appear at the *Barrow County Courthouse* at 9:00 a.m. on Monday, November 3, 1997. The subpoena also lists the financial information to be brought with him and expressly directs that he bring said documents at the time and on the date specified, "at which time you shall have with you and produce for use *as evidence by the Plaintiff.*" (Emphasis supplied.) The only thing which the majority contends is missing from this subpoena describing the evidence which Mr. Wright must bring with him to be used on the date and time specified is an express statement that such evidence will be so used at a "final hearing" in the very divorce case in which the subpoena is styled and to which Mr. Wright is a party. While due process certainly requires sufficient, adequate and reasonable notice, I believe that the burden of detail which the majority places upon a party in litigation involving pro se defendants would be so onerous as to be absurd. The trial court did not abuse its discretion in denying the motion to set aside and I dissent to the majority's reversal of the trial court's judgment.

IN THE SUPERIOR COURT OF BARROW COUNTY

STATE OF GEORGIA

| LINDA M. WRIGHT, | ) | CIVIL ACTION FILE |
|---|---|---|
| Plaintiff | ) | NUMBER 97-CV-134-A |
| VS. | ) | |
| STEPHEN L. WRIGHT, | ) | SUBPOENA FOR THE PRODUCTION OF DOCUMENTARY EVIDENCE |
| Defendant | ) | |
| _____ | ) | |

TO: Stephen L. Wright, Defendant
GREETINGS:

You are hereby commanded that laying all other business aside you be and appear at the Barrow County Courthouse in Winder, Georgia at 9:00 o'clock a. m. Monday November 3, 1997 at which time you shall have with you and produce for use as evidence by the Plaintiff:

(a) all check stubs, 1099 forms, and all other documents evidencing the amount of income you received for the preceding twelve months;

(b) all documents evidencing any debt you have paid or incurred in the preceding twelve months.

HEREIN fail not under penalty of the law.

Clerk, Superior Court,
Barrow County, Georgia

EXHIBIT A

DECIDED NOVEMBER 23, 1998.

*Walter R. Finch III,* for appellant.
*N. David Wages,* for appellee.