S06F0442. CORMIER v. CORMIER.
(631 SE2d 663)

SEARS, Chief Justice.

Husband, Denny Cormier, appeals from a final judgment of divorce, arguing that he was not given proper notice of the trial schedule, and thus that the trial court erred in granting the divorce after he failed to appear at trial. Because the trial court provided adequate notice of the trial date to husband, and because his other contentions have no merit, we affirm.

Husband and wife, Nancy Cormier, were married in 1971, and wife filed a complaint for divorce in 2003. While the case was proceeding, the trial court held husband in willful contempt of its pre-trial temporary order for failing to satisfy his temporary alimony and discovery obligations. In the meantime, two successive attorneys withdrew from representing husband, who thereafter proceeded pro se. A trial was held on August 1, 2005. Although husband did not participate in the trial, the trial court granted a divorce and entered a final judgment awarding alimony to wife.

1. Husband argues that he was not provided adequate notice of the trial date. "A fundamental requirement of due process in any proceeding which is to be accorded finality is notice that is reasonably calculated to inform interested parties of an impending hearing and

---

afford them an opportunity to present their objections."[1] The evidence clearly shows that husband was properly informed and had actual knowledge of the trial date, but that he chose not to participate.

By two different scheduling orders, issued in March and April 2005, the trial court notified the parties that the trial would be held either the week of August 1 or August 15, 2005. On June 13, 2005, the trial court entered an order denying husband's second effort to remove the case to federal court, which informed all parties that the case would proceed to a pre-trial hearing on July 7, 2005, and that the trial would be held on August 1, 2005, in the Colquitt County Courthouse. Although wife's lawyer mailed a letter to husband on June 15, requesting his participation in the pre-trial conference, husband chose not to do so. On July 15, husband was served with a request for production of documents, which accurately stated that the trial was scheduled for 10:30 a.m., August 1, 2005, in accordance with the pre-trial order. Finally, the trial court's final judgment indicates that husband had been served with the court's civil trial schedule for August, which showed the scheduled trial date.

Husband has also twice filed documents indicating that he chose not to appear at trial to avoid the consequences of the trial court's earlier order holding him in contempt. In a motion filed in the trial court, days after the trial court's entry of final judgment, husband claimed that he "could not be present [at the trial] due to threat of jail by presiding judge to punish defendant for [contempt of court]." Husband gave the same reason for not attending trial in his application to appeal to this Court.

In *Wright v. Wright*, this Court reversed a final judgment of divorce where the evidence showed that husband, who did not participate in the trial, had not been mailed a schedule of the trial calendar due to a clerical error, and had not otherwise been actually informed that the trial would be held on the scheduled date.[2] In this case, however, the evidence shows that husband was informed of the trial schedule on multiple occasions, and that he willfully chose not to attend. Husband's failure to attend trial was consistent with his pattern of conduct throughout the proceedings, which included multiple failures to appear, to provide discovery, or otherwise to participate in the case.[3] We find that the trial court's determination that husband had been properly informed of the scheduled trial date is not erroneous.

---

[1] *Wright v. Wright*, 270 Ga. 229, 230 (509 SE2d 902) (1998).

[2] 270 Ga. at 231.

[3] *Imperial Massage & Health Studio v. Lee*, 231 Ga. 482, 482 (202 SE2d 426) (1973)

2. Next, husband argues that the trial court erred in its alimony award by failing to consider the "evidence" he produced regarding his financial circumstances and failing to account for certain alleged trust income attributable to wife. With respect to husband's "evidence," which allegedly consisted of a single computer disk purportedly containing information regarding his financial circumstances, we find that the trial court did not abuse its discretion in choosing not to consider it. In its final order, the trial court noted that throughout the proceedings, husband failed to answer wife's discovery requests, failed to appear for his depositions, and failed to provide current financial information to the court. Husband's computer disk was never introduced into evidence. Wife provided evidence showing that husband earned $11,000 per month, and the trial court awarded wife $2,500 per month based on husband's income and wife's needs. We find no error in the trial court's order. Moreover, as this Court has no way to know what type of information was contained on the alleged computer disk, there is nothing for this Court to review on appeal.[4]

With respect to the alleged trust income, the evidence produced at trial showed that wife has no current access to or present interest in the trust, which belongs to wife's mother. Wife's testimony merely revealed the obvious fact that wife may or may not inherit the trust property at some point in the future. The trial court did not abuse its discretion in its decision not to attribute any trust income to wife when making its alimony award.

3. Husband also argues that the trial court erred by ordering him to satisfy a $5,000 debt because the debt did not qualify as marital debt. The record clearly shows, however, that the $5,000 note was signed by both Denny and Nancy Cormier during the marriage, and that both parties agreed to repay the loan. We find no error in the trial court's decision with respect to this marital debt.

4. Finally, husband argues that the trial court erred by ordering him to pay alimony in spite of wife's "desertion" of the marriage. Under OCGA § 19-6-1 (b), "[a] party shall not be entitled to alimony if it is established by a preponderance of the evidence that the separation between the parties was caused by that party's adultery or desertion." The sole evidence of wife's desertion, offered by husband, was a note given to him by wife on August 21, 2003, stating that she was leaving because she "needed to get away for awhile." The note

---

(appellant may not "complain of a judgment, order, or ruling that his own conduct produced or aided in causing.").

[4] See *Bennett v. Executive Benefits, Inc.*, 210 Ga. App. 429 (2) (436 SE2d 544) (1993) ("[i]t is well established that the burden is on the party alleging error to show it by the record and that where the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm.").

was given to husband approximately two months before wife filed a complaint for divorce. Wife's separation from husband for the two months preceding the filing for divorce did not establish wife's desertion by a preponderance of the evidence and the trial court did not abuse its discretion in awarding alimony to wife.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 26, 2006.

*Stephen F. Mackie*, for appellant.
*Dwight H. May*, for appellee.