HUNSTEIN, Presiding Justice.
 

 These appeals arise out of multiple asbestos actions currently pending in the Superior and State Courts of Cobb County. In each action, plaintiffs, appellees here, sought a judicial determination that it is unconstitutional to apply the newly enacted asbestos claims statute, OCGA § 51-14-1 et seq. (the Act), to their pending asbestos cases. After consolidated hearings were held, the trial courts issued virtually identical orders ruling that because the Act required asbestos plaintiffs
 to provide proof that exposure to asbestos was a substantial contributing factor in their medical condition, it unconstitutionally affected appellees' substantive rights by establishing "a new element to [their] claim, one that did not exist when the original cause of action accrued." Appellants, defendants in the underlying actions, requested, and the trial courts issued, certificates of immediate review of the courts' rulings. We granted the subsequent applications for interlocutory appeal, see OCGA § 5-6-34(b), and consolidated the appeals to determine whether the courts erred in holding the Act unconstitutional as applied to appellees' claims. Finding no error, we affirm.
 

 1. As found by the trial courts, the Act provides for the dismissal of any asbestos claim pending on April 12, 2005, unless within 180 days from that date the plaintiff in a pending asbestos claim establishes "primafacie evidence of physical impairment" with respect to the asbestos claim. OCGA § 51-14-5(a). To establish prima facie evidence of physical impairment, a plaintiff must provide proof in certain specified forms and from certain specified sources that exposure to asbestos was a
 
 substantial
 
 contributing factor to the exposed person's medical condition. See OCGA § 51-14-2(15); OCGA § 51-14-3(b). Under the express language of the Act, prima facie evidence of physical impairment is "an essential element of an asbestos claim." OCGA § 51-14-3(a).
 

 Appellants contend the trial courts erred by ruling that the Act affects substantive rights and therefore cannot be applied retrospectively
 

 to claims which accrued prior to its April 12, 2005 effective date. "Although legislation which involves mere procedural or evidentiary changes may operate retrospectively, legislation which affects substantive rights may operate prospectively only. [Cit.]"
 
 Enger v. Erwin,
 

 245 Ga. 753
 
 , 754,
 
 267 S.E.2d 25
 
 (1980). See Ga. Const, Art. I, § I, Par. X (constitutional ban on retroactive laws). "Substantive law is that law which creates rights, duties, and obligations. Procedural law is that law which prescribes the methods of enforcement of rights, duties, and obligations. [Cits.]"
 
 Polito v. Holland,
 

 258 Ga. 54
 
 , 55(3),
 
 365 S.E.2d 273
 
 (1988). The question before us, therefore, is whether enactment of the Act affected appellees' rights, duties or obligations with respect to their asbestos claims.
 

 Prior to passage of the Act, in order to establish a claim for asbestos related injuries, a plaintiff was required to show only that exposure to asbestos was a
 
 contributing
 
 factor in his or her medical condition.
 
 John Crane, Inc. v. Jones,
 

 278 Ga. 747
 
 ,
 
 604 S.E.2d 822
 
 (2004). Thus, by introducing the requirement that asbestos plaintiffs present prima facie evidence that asbestos was a
 
 substantial
 
 contributing factor to their medical condition, the Act imposes upon appellees a greater evidentiary burden than was required under the law in effect at the time their actions were filed. Contrary to appellants' argument, it makes no relevant difference that the Act does not alter appellees' burden of proof at trial because regardless of when it must be shown, the Act makes proof that asbestos exposure was a substantial contributing factor an essential element of an asbestos claim. OCGA § 51-14-3(a). See
 
 id.
 
 at (b) (no person shall bring or maintain asbestos claim in absence of evidence asbestos was "substantial contributing factor" to physical injury).
 
 [1]
 
 Accordingly, the provisions of the Act requiring appellees to produce evidence establishing that exposure to asbestos was a substantial contributing factor to their medical conditions affect appellees' substantive rights and cannot retroactively be applied to their claims.
 

 2. Appellants contend that even if the "substantial contributing factor" language is unconstitutional as applied to appellees, the trial courts should have severed the offending language from the Act. "Where one portion of a statute is unconstitutional, this court has the power to sever that portion of the statute and preserve the remainder if the remaining portion of the Act accomplishes
 the purpose the legislature intended. [Cits.]"
 
 Nixon v. State,
 

 256 Ga. 261
 
 , 264(3),
 
 347 S.E.2d 592
 
 (1986). If, however, "`the objectionable part is so connected
 

 with the general scope of the statute that, should it be stricken out, effect cannot be given to the legislative intent, the rest of the statute must fall with it.' [Cits.]"
 
 City Council of Augusta v. Mangelly,
 

 243 Ga. 358
 
 , 363(2),
 
 254 S.E.2d 315
 
 (1979).
 

 Here, the Act as a whole establishes with considerable specificity the procedure by which plaintiffs must prove their asbestos claim and delineates the evidentiary burden placed upon plaintiffs in such cases. The legislature decided to include the requirement that asbestos plaintiffs produce evidence that exposure to asbestos was a substantial contributing factor in the exposed persons' medical conditions and to place further restrictions on the form of such evidence. This decision demonstrates a clear intent to limit actionable asbestos claims to those situations in which a greater level of causation can be shown. These requirements and limitations are the heart of the Act, and their severance from the Act would "result in a statute that fails to correspond to the main legislative purpose, or give effect to that purpose."
 
 State of Georgia v. Jackson,
 

 269 Ga. 308
 
 , 312,
 
 496 S.E.2d 912
 
 (1998). Accordingly, we cannot effectively sever the unconstitutional provisions from the Act and it must fall in its entirety. See
 
 Georgia Franchise Practices Comm. v. Massey-Ferguson, Inc.,
 

 244 Ga. 800
 
 (6),
 
 262 S.E.2d 106
 
 (1979);
 
 Mangelly,
 
 supra,
 
 243 Ga. at 363
 
 (2),
 
 254 S.E.2d 315
 
 .
 

 The presence of a severability clause within the Act does not require a different result. As previously recognized by this Court:
 

 [t]he presence of a severability clause reverses the usual presumption that the legislature intends the Act to be an entirety, and creates an opposite presumption of separability. However, the severability clause does not change the rule that in order for one part of a statute to be upheld as severable when another is stricken as unconstitutional, they must not be mutually dependent on one another.
 
 Carter v. Carter Coal Co.,
 

 298 U.S. 238
 
 , 313,
 
 56 S.Ct. 855
 
 ,
 
 80 L.Ed. 1160
 
 (1936). [Cit.]
 

 Id. at 363-364
 
 ,
 
 254 S.E.2d 315
 
 . See
 
 Georgia Franchise Practices Comm.,
 
 supra,
 
 244 Ga. at 803
 
 (6),
 
 262 S.E.2d 106
 
 ;
 
 Murphy v. State of Georgia,
 

 233 Ga. 681
 
 , 682,
 
 212 S.E.2d 839
 
 (1975).
 

 3. In a number of the cases being appealed, the trial courts also found the Act violated the due process and special laws provisions of the Georgia Constitution. See Ga. Const., Art. I, § I, Par. I; Ga. Const., Art. III, § VI, Par. IV. Because we hold that the Act cannot constitutionally be applied to the cases before us, we need not address these alternative holdings in this appeal.
 

 Judgment affirmed.
 

 SEARS, C.J., BENHAM, CARLEY, THOMPSON and HINES, JJ., and Judge M. YVETTE MILLER concur.
 

 MELTON, J., not participating.
 

 ---------------
 

 Notes:
 

 1.
 
 For the same reason, the Act cannot accurately be described as merely establishing a procedural threshold for a preliminary determination of causation. Under the Act's plain language, a plaintiffs who cannot make the prima facie showing of substantial causation cannot pursue their claims, whereas before passage of the Act they could.
 

 ---------------