## S09F0958. KAUTTER v. KAUTTER.
(685 SE2d 266)

HUNSTEIN, Chief Justice.

Appellee Terrie Kautter ("Wife") filed a petition for divorce in December 2003 after 22 years of marriage to appellant Karlheinz Kautter ("Husband") in which she sought equitable division of the marital property and attorney fees. In April 2005, Husband filed a demand for jury trial. However, when the case was called for trial in June 2006, Husband deliberately chose not to appear and Husband's counsel, after the denial of a motion for continuance, declined to participate in the jury trial in obedience to instructions counsel received from Husband. Wife then moved the court to strike the jury demand. The trial court granted the motion[1] and a bench trial was conducted. The bench trial proceedings were not reported. The trial court later entered an order equitably dividing the marital property but expressly reserving Wife's request for attorney fees. Husband's motion for new trial was denied. After this Court dismissed Husband's initial application to appeal for failure to follow the interlocutory provisions in OCGA § 5-6-34 (b), an award was entered on the attorney fees, thereby finalizing the judgment. Husband's application for discretionary appeal was granted pursuant to this Court's pilot project, see *Maddox v. Maddox*, 278 Ga. 606, n. 1 (604 SE2d 784) (2004), and Husband timely filed a notice of appeal in which he directed the superior court clerk's office to include in the record only certain, limited items. In his enumerated errors, Husband challenges the dismissal of his jury trial demand, the inclusion of certain language in the decree and the propriety of the trial court's rulings regarding the marital property division and the attorney fees award. For the reasons that follow, we direct the trial court to strike the challenged language from the decree, but otherwise affirm the judgment.

---

[1] After the hearing the trial court memorialized its ruling on Wife's motion.

1. Husband contends the trial court erred by striking his demand for a jury trial because the record contains no written withdrawal of his demand and because his actions did not amount to an implied waiver of his jury demand as a matter of law.

> When a party makes a timely demand for a jury trial, the trial court cannot proceed without a jury unless the parties consent to a bench trial by a written stipulation filed with the court or an oral stipulation made in open court and entered in the record. OCGA § 9-11-39 (a); [cit.]. Of course, a party in a divorce case can, by [his] voluntary actions, impliedly waive a demand for a jury trial. [Cits.]

*Matthews v. Matthews*, 268 Ga. 863, 864 (2) (494 SE2d 325) (1998). Husband is correct that there is no written withdrawal of his demand in the record. As to Husband's actions, the only evidence in the record consists of the trial court's written order dismissing Husband's demand and an affidavit Husband submitted with his motion for new trial.[2]

In its order, the trial court found that, when the case was called for trial, Husband's counsel informed the trial court that Husband "was not present and was not going to appear for trial"; that counsel further informed the court that Husband had instructed counsel "to not participate in the trial of the case"; that the court released counsel from any further participation; and that the trial court granted Wife's motion to strike the jury demand, made pursuant to *Walker v. Walker*, 280 Ga. 696 (631 SE2d 697) (2006); *Matthews v. Matthews*, supra, 268 Ga. at 864 (2); and *Bonner v. Smith*, 226 Ga. App. 3 (4) (485 SE2d 214) (1997).

In Husband's affidavit, he avers that he knew a jury trial had been specially set and that he knew the date and time of the trial. By his own admission, Husband deliberately chose not to attend the trial. Husband presented no legitimate reason for this decision in his affidavit but instead averred that he decided not to attend because he was "afraid" that he would be incarcerated as a result of his own contemptuous failures to obey previous orders of the trial court. See generally *Cormier v. Cormier*, 280 Ga. 693 (1) (631 SE2d 663) (2006) (husband's due process rights not violated when he willfully chose

---

[2] During the hearing on attorney fees, which was transcribed and included in the record, counsel discussed the issue. However, Husband was represented by new counsel who had no personal knowledge of the events and Wife's counsel did not testify or state in his place regarding what he observed at the bench trial. See generally *Cross v. Cook*, 147 Ga. App. 695 (3) (250 SE2d 28) (1978) (attorneys are officers of the court and their statements in place, if not objected to, serve same function as evidence).

not to attend scheduled divorce trial in order to avoid consequences of trial court's earlier order holding him in contempt). However, Husband averred that, by his deliberate behavior in not attending, he did not "intend" to waive his right to a jury trial and that he did not "understand" that he "could be deemed to have waived the right by not showing up and participating in the trial."

Husband contends that these self-serving statements in his affidavit established his subjective lack of intent to waive his demand for a jury trial. We need not address his contention, however, because, pretermitting whether Husband's conduct was an implicit waiver of his right to trial by jury, the trial court was authorized to strike from the pleadings Husband's demand for a jury trial as a proper sanction for his wilful refusal to participate in the proceedings. *Bonner v. Smith*, supra, 226 Ga. App. at 4 (4). Compare *McConnell v. Wright*, 281 Ga. 868 (644 SE2d 111) (2007). This enumeration presents no error.

2. The divorce decree provided in Paragraph 15 (c) that if any provisions of the decree "are held to be invalid or unenforceable, all other provisions are, nevertheless, continued in full force and effect." This language sets forth what is, in essence, a severability clause.[3] While such clauses are seen in statutory enactments and contracts, see generally *DaimlerChrysler Corp. v. Ferrante*, 281 Ga. 273 (2) (637 SE2d 659) (2006); OCGA § 13-1-8; see also *Alexander v. Alexander*, 279 Ga. 116 (610 SE2d 48) (2005) (courts not bound by severability provisions in parties' antenuptial agreements), a severability clause is wholly inappropriate in a judicial decree resolving a case before a court. Accordingly, while we find meritless Husband's argument that this language meant the decree failed to make a final disposition of the issues, we agree that inclusion of this language was error. Accordingly, the trial court is directed to strike this language from the judgment. See generally *Taylor v. Taylor*, 228 Ga. 173 (4) (184 SE2d 471) (1971).

3. Wife in her petition for divorce sought only equitable division of the marital property. The trial court awarded her, inter alia, "the sum of $200,000.00 as lump sum property division" upon the sale or transfer of a certain business in which Husband has an interest. We find no merit in Husband's contention that the nature of the award was changed in any manner by language in Paragraph 12 (C) of the decree regarding the treatment of this sum as alimony "in the event of the bankruptcy of Husband prior to the payment in full of this

---

[3] Contrary to Wife's contention, we do not see this language in a *judgment* as harmlessly incorporating the principle regarding *verdicts* set forth in OCGA § 9-12-8 (authorizing the court to strike the illegal portion of an otherwise legal verdict in order to render the remaining verdict valid).

debt for which he is responsible." See generally *Daniel v. Daniel*, 277 Ga. 871 (596 SE2d 608) (2004) (classification of claims as alimony or property settlement not dispositive of question whether claims are dischargeable in bankruptcy). Although Husband also challenges the evidence to support this award, in the absence of a transcript of the bench trial, we presume the evidence was sufficient. *Blue v. Blue*, 279 Ga. 550 (1) (615 SE2d 540) (2005).

4. In his final three enumerations, Husband challenges the award of attorney fees to Wife.

(a) The trial court did not abuse its discretion by awarding attorney fees based upon evidence of the financial circumstances of the parties provided throughout the history and trial of this case. To the extent the trial court's knowledge of Husband's financial circumstances was adversely affected by Husband's deliberate and contumacious refusal to provide details of his financial circumstances, Husband may not complain of a ruling that his own conduct produced or aided in causing. See *Cormier*, supra, 280 Ga. at 694, n. 3.

(b) The trial court expressly awarded Wife attorney fees pursuant to OCGA § 19-6-2 and explicitly stated that it was looking solely at the parties' financial circumstances and disregarding Husband's conduct in making its award. See generally *Wood v. Wood*, 283 Ga. 8 (6) (655 SE2d 611) (2008). We find meritless Husband's contention that the trial court actually based its award on OCGA § 9-15-14 merely because it noted the impact of Husband's litigious conduct on the reasonableness of the attorney fees incurred by Wife.

(c) Relying solely on case law applicable to OCGA § 9-15-14, see *McGahee v. Rogers*, 280 Ga. 750 (2) (632 SE2d 657) (2006), Husband contends the trial court erred by including in its calculations the attorney fees for appellate work provided by Wife's counsel during Husband's earlier appeal of this case, which work was rendered prior to the entry of the attorney fees award finalizing the judgment here. Attorney fees incurred in connection with appellate proceedings are not recoverable under OCGA § 9-15-14 because

> [i]mplicit in the language of [that statute] is that a court of record of this state may impose reasonable and necessary attorney fees and expenses of litigation for proceedings before *that court*, which were brought for purposes of harassment or delay or lacked substantial justification.

*Dept. of Transp. v. Franco's Pizza & Delicatessen*, 200 Ga. App. 723, 728 (5) (409 SE2d 281) (1991), overruled on other grounds, *White v. Fulton County*, 264 Ga. 393 (1) (444 SE2d 734) (1994). See also OCGA § 9-11-68 (b) (1) (expressly limiting award of fees to those incurred from date of rejection of offer of settlement through entry

of judgment). OCGA § 19-6-2 contains no comparable limiting language either explicitly or implicitly but instead authorizes an award of attorney fees "at any time during the pendency of the litigation," id. at (a), based upon the financial circumstances of both parties. Id. at (a) (1). Based on this plain and unambiguous language, we find no error in the trial court's inclusion in its award of those attorney fees incurred by Wife for appellate proceedings that occurred during the pendency of this litigation.

*Judgment affirmed in part and reversed in part with direction. All the Justices concur.*

DECIDED OCTOBER 19, 2009.

*Kirby L. Turnage, Jr.*, for appellant.
*Lawrence L. Washburn III*, for appellee.