**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 25, 2021**

# In the Court of Appeals of Georgia

A21A0637. THREATT v. THREATT.

REESE, Judge.

Loretta Threatt ("Wife") appeals from the trial court's denial of her motion to set aside a judgment and motion for new trial. She contends that, after she failed to attend a status hearing, the trial court erred in immediately holding a final hearing without providing notice to her. We agree, and for the reasons set forth infra, reverse.

Wife and Thomas Threatt, I ("Husband"), married in 1986. In 2018, Husband filed a petition for divorce, seeking an equitable division of property. Wife answered and counterclaimed. The parties attended mediation but were unable to settle. After the mediation, Wife's attorney withdrew as counsel, and Wife proceeded pro se. Prior to scheduling a final hearing, the court required a consolidated pre-trial order from

the parties. Husband's counsel attempted to contact Wife regarding the order, but she did not respond, so counsel filed the proposed order without Wife's input.

The court scheduled a hearing for December 3, 2019. Although the notice for the hearing does not appear in the appellate record, both parties characterize this notice as for a status hearing. Wife did not appear for the hearing. As a result, the trial court dismissed Wife's answer and counterclaim, and proceeded to trial. On January 9, 2020, Wife submitted a letter to the court apologizing for missing the hearing, stating that she mistakenly thought the hearing was on December 30. She asked for a "fair hearing[ ]" from the court. The court issued its final judgment and divorce decree on February 10.

On March 3, Wife, now with counsel, filed a motion to set aside the judgment under OCGA § 9-11-60 (d) and for new trial. In the motion, Wife argued, among other things, that she did not receive notice of a final hearing. The court, after a hearing, denied Wife's motion. We granted Wife's application for discretionary appeal and this appeal followed.

"We review a trial court's ruling on a motion to set aside a judgment under OCGA § 9-11-60 (d) for abuse of discretion."[1] A party's failure to receive notice of a hearing is a nonamendable defect that appears upon the face of the record under OCGA § 9-11-60 (d).[2] With these guiding principles in mind, we now turn to Wife's claims of error.

Wife argues that the trial court erred in failing to provide her notice of a final hearing and abused its discretion in denying her motion to set aside. We agree.

"A fundamental requirement of due process in any proceeding which is to be accorded finality is notice that is reasonably calculated to inform interested parties of an impending hearing and afford them an opportunity to present their objections."[3] Comporting with this principle of due process, "lay persons sincerely believe that when a justiciable issue arises, if they so desire they will be accorded their 'day in

---

[1] *Oxmoor Portfolio v. Flooring & Tile Superstore of Conyers*, 320 Ga. App. 640, 644 (2) (740 SE2d 363) (2013) (punctuation and footnote omitted); see *Wright v. Wright*, 270 Ga. 229, 231 (509 SE2d 902) (1998) (holding that the trial court abused its discretion in denying a motion to set aside a judgment in a divorce case).

[2] See *Anderson v. Anderson*, 264 Ga. 88, 89 (441 SE2d 240) (1994).

[3] *Cormier v. Cormier*, 280 Ga. 693, 693-694 (1) (631 SE2d 663) (2006) (punctuation and footnote omitted).

3

court.'"[4] Thus, the Supreme Court of Georgia has held that a trial court abuses its discretion in denying a motion to set aside the judgment where a party did not have sufficient notice of the trial.[5] By contrast, when a party is properly informed of a final hearing and does not appear, the court may proceed to trial.[6]

Here, Wife did not have sufficient notice that the court would conduct a trial. Wife did receive notice of a status hearing, but this was insufficient notice that the

---

[4] *Green v. Green*, 263 Ga. 551, 554 (2) (437 SE2d 457) (1993) (citation and punctuation omitted).

[5] See *Wright*, 270 Ga. at 230-231 (holding that a subpoena did not give sufficient notice that the court would be conducting a trial, and the court should have mailed the husband in a divorce a copy of the trial calender); *Crenshaw v. Crenshaw*, 267 Ga. 20, 21 (1) (471 SE2d 845) (1996) (holding that, under the circumstances, "notice by publication was not reasonably designed to [e]nsure that the wife [in a divorce action] had notice of the trial date"); *Green*, 263 Ga. at 552-555 (1)-(2) (holding that notice by publication and a calendar call that did not require the wife's presence did not provide sufficient notice of a trial in a divorce action, and the husband's lawyer should have notified the pro se wife that the case was on the trial calendar).

[6] See *Pennington v. Pennington*, 291 Ga. 165, 167 (3) (728 SE2d 230) (2012) (holding that the wife was not denied due process after she "was given notice of both the time and purpose of the [child custody] hearing and an opportunity to present her case at the hearing[ ]"); *Cormier*, 280 Ga. at 694 (1) (husband was not denied due process after he was "properly informed of the scheduled trial date").

case would proceed to trial.[7] While Husband argues that the court can hold a final hearing "at any time" after the case comes before it, the cases cited by Husband still require that the court provide notice to the parties.[8]

We recognize that "the trial court must have the power to impose appropriate sanctions to make effective its pre-trial orders[.]"[9] However, under principles of due process, a court must still provide sufficient notice if it decides to proceed to trial.[10] Accordingly, we reverse the trial court's denial of Wife's motion to set aside the judgment.

*Judgment reversed. Doyle, P. J., and Brown, J., concur.*

---

[7] See *Wright*, 270 Ga. at 231 (holding that a subpoena, even if it gave reasonable notice of a divorce proceeding, did not give adequate notice of a trial); cf. *Pennington*, 291 Ga. at 167-68 (3) (affirming divorce decree where wife was given notice of the time, purpose, and subject matter of the proceeding).

[8] See *Grindle v. Eubanks*, 152 Ga. App. 58, 60 (1) (262 SE2d 235) (1979) (physical precedent only); see also OCGA § 9-11-40 (requiring notice to the parties when placing actions on the trial calendar).

[9] *Wilson v. McNeely*, 302 Ga. App. 213, 214 (1) (690 SE2d 512) (2010) (citation and punctuation omitted). Wife does not challenge in this appeal whether the court's sanction of dismissing her answer and counterclaim was too harsh a penalty for non-appearance. See *All South Mini Storage #2 v. Woodcon Constr. Svcs.*, 205 Ga. App. 393, 394 (422 SE2d 282) (1992) (some penalties "are too drastic if less harsh sanctions are appropriate[ ]").

[10] See *Wright*, 270 Ga. at 231.