## 26825. HARRIS v. HARRIS.

HAWES, Justice. Earl C. Harris filed suit for divorce and custody of the minor child of the parties against his wife, Bonnie Harris. Personal service was had upon the defendant on March 2, 1971. On April 6, 1971, no defensive pleadings having been filed, the trial court passed an order granting a final divorce and custody of the child to the plaintiff and providing for visitation rights in the defendant, "upon evidence submitted as provided by law." On April 7, 1971, without moving to open the default, the defendant filed defensive pleadings in the cause and on April 16, 1971, she filed a motion to set aside the judgment previously rendered and entered for the plaintiff. The substance of the defendant's contentions before the trial court and before this court is that, even though she had made no appearance, under applicable rules of law and practice, she was entitled to notice of the day and time of the trial of the case other than that afforded by the mere posting of the court calendar before the courthouse door. The trial court denied the defendant's motion and she appealed.

1. Appellant relies in part on two local practice rules. These rules are not set out anywhere in the record or transcript. We cannot take judicial cognizance of the content of these rules and we must, therefore, presume that the trial court properly interpreted and applied its own rules insofar as they affect the judgment appealed from.

2. While there is no judgment by default in a divorce case, this rule means no more than that in any divorce case where no defensive pleadings are filed it is incumbent upon the trial court to hear evidence in support of the plaintiff's grounds of divorce and make an affirmative finding therefrom that the grounds are legal and are sustained by proof. *Code* § 30-129; *Lovelace v. Lovelace,* 179 Ga. 822, 825 (177 SE 685); 9 E. G. L. 168, Divorce and Alimony, § 65. The record in this case shows that the decree sought to be set aside was rendered "upon evidence submitted as provided by law." The evidence upon which the decree was based is not set out in the record before this court and in the absence of an affirmative showing to the contrary it must be presumed that the decree was based upon a legal showing.

3. Under § 5 (a) of the Civil Practice Act (Ga. L. 1966, pp. 609, 615; 1967, pp. 226, 229; *Code Ann.* § 81A-105 (a)), "the failure of a party to file pleadings in an action shall be deemed to be a waiver by him of all notices, *including notices of time and place of trial."* (Emphasis supplied.) Under § 40 of the same Act *(Code Ann.* § 81A-140) the case was triable at any time after April 1, 1971, and there is no merit in the appellant's contention that she was entitled to notice of the time and place of trial. *Newton v. Newton,* 226 Ga. 440 (175 SE2d 543).

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 9, 1971—DECIDED JANUARY 6, 1972— REHEARING DENIED JANUARY 19, 1972.

*Weiner & Bazemore, Paul S. Weiner,* for appellant.
*Hutcheson, Kilpatrick, Watson, Crumbley & Brown, John L. Watson, Jr.,* for appellee.