## 35995. HARDWICK v. HARDWICK.

PER CURIAM.

Mrs. Hardwick filed for divorce in July, 1978. At a temporary hearing held in September, 1978, Mr. Hardwick appeared and was represented by counsel. At no time has Mr. Hardwick filed any defensive pleadings in answer to the complaint. Mrs. Hardwick obtained a final decree of divorce in November, 1978. Neither Mr. Hardwick nor the attorney who had represented him at the temporary hearing were given notice of the final hearing and neither attended. Consequently, the divorce was taken on an uncontested basis.

In February, 1979, Mr. Hardwick, represented by new counsel, filed a complaint in equity to set aside the divorce decree on the ground that it had been obtained by fraud. He alleged that Mrs. Hardwick and her attorney fraudulently represented to the court that the divorce was uncontested and that Mr. Hardwick was not represented by counsel. After a hearing, the trial judge orally denied Mr. Hardwick relief stating that since no defensive pleadings were filed, he had waived all notice, including notice of time and place of trial. Prior to a written order

being entered, Mr. Hardwick, through his counsel, filed a motion for reconsideration alleging newly discovered evidence. This "newly discovered evidence" was allegedly that Mrs. Hardwick's attorney had *deliberately* not given notice to Mr. Hardwick or his attorney in retaliation for supposed misconduct by the latter. After another hearing, the same trial judge entered an order setting aside the divorce decree. The trial judge concluded that it was the "custom and practice" of the court "to grant divorces on an uncontested basis; that is, upon the testimony of only one party, in cases where one of the following conditions exists: either an agreement as to all issues has been reached between the parties and each party consents to a divorce being entered on the basis of that agreement, or the defendant in the case has failed to appear and contest any issue in the case, after proper service has been made." The judge found that presenting the case to the court as uncontested when neither of the stated conditions existed amounted to a fraud on the court.

We reverse.

When a defendant in a divorce action fails to file defensive pleadings, the divorce is, by definition, uncontested. Failure to file defensive pleadings constitutes waiver of notice of the hearing on the final decree. Code Ann. § 81A-105 (a); *Carter v. Carter,* 244 Ga. 670 (261 SE2d 619) (1979); *King v. King,* 242 Ga. 770 (251 SE2d 516) (1979); *Brooks v. Brooks,* 242 Ga. 444 (249 SE2d 244) (1978); *Gibson v. Gibson,* 234 Ga. 528, 529 (2) (216 SE2d 824) (1975); *Wallace v. Wallace,* 229 Ga. 607 (193 SE2d 832) (1972). Under the local rules of Cobb County Superior Court, even if a divorce is uncontested, a defendant can assure himself of notice of the final hearing if he gives plaintiff's counsel written notice of his desire to be there and sends a copy of such notice to the clerk of superior court. It is undisputed that Mr. Hardwick neither filed defensive pleadings nor, in writing, notified Mrs. Hardwick's counsel or the clerk of court of his desire to be present at the final hearing. "Custom and practice" cannot take precedence over statutes, case law, and written local rules with which a plaintiff complies.

*Judgment reversed. All the Justices concur, except Undercofler, C. J., who dissents.*

ARGUED MARCH 10, 1980 — DECIDED APRIL 8, 1980.

*Kingloff, Clifford & Travis, J. Stephen Clifford,* for appellant.
*Custer, Smith & Eubanks, Lawrence B. Custer,* for appellee.