S94A0268. ANDERSON v. ANDERSON.

(441 SE2d 240)

FLETCHER, Justice.

We granted this discretionary appeal to determine whether a de-

fendant who fails to file defensive pleadings but who receives the express assurance of the court at a temporary hearing that he will receive notice of the final hearing on a divorce petition is entitled to notice of the final hearing. Under these limited circumstances, we find a defendant is entitled to such notice and reverse.

Mrs. Anderson filed a complaint for divorce on May 7, 1993. On May 8, 1993, while visiting the parties' minor child in the state of Georgia, Mr. Anderson was served with a copy of the divorce petition and notice of temporary hearing scheduled for June 9, 1993, two days after his defensive pleadings were due.[1] At the temporary hearing, the court informed Mr. Anderson that a final hearing would be scheduled and inquired as to his correct address so he could be notified of the hearing and to allow Mrs. Anderson to provide him a copy of the temporary order to be prepared by her counsel.[2]

Without notice to Mr. Anderson, Mrs. Anderson obtained a judgment 14 days later after a hearing before a second judge who was not informed of the earlier hearing or the previous judge's assurance that Mr. Anderson would receive notice of the final hearing. The final judgment awarded to Mrs. Anderson physical custody of their minor child, child support, the marital home and all of its furnishings, and 25 percent of Mr. Anderson's future retirement income. Mr. Anderson thereafter hired counsel and on July 23, 1993, filed a motion to set aside the judgment. That motion was denied and Mr. Anderson appeals.

OCGA § 9-11-60 (d) provides for setting aside a judgment based upon a nonamendable defect which appears upon the face of the record. The failure of counsel or a party acting pro se to receive notice of a hearing constitutes such a defect as will authorize the setting aside of a judgment. *Coker v. Coker*, 251 Ga. 542 (307 SE2d 921) (1983); *Housing Auth. of Atlanta v. Parks*, 189 Ga. App. 97, 98 (374 SE2d 842) (1988); *Beach's Constr. Co. v. Moss*, 168 Ga. App. 462 (1) (309 SE2d 382) (1983). Although, as a general rule, a party who fails to file defensive pleadings waives all right to notice, OCGA § 9-11-5 (a), the facts here are sufficient to take it outside the general rule. Travelling from his home in Baltimore, Maryland, Mr. Anderson appeared at the June 9 hearing pro se two days after his answer would have been due. At that time, he was assured by the court that the hearing regarded only matters of temporary custody and support and that he would receive notice of the final hearing. Under these circumstances, al-

---

[1] Mr. Anderson is a member of the United States Air Force. At the time he was served with the divorce petition, he had recently completed a two-year tour of duty in Italy and had been reassigned to the Pentagon in Washington, D. C.

[2] The order of the court rendered at the June 9 hearing was never reduced to a written order.

though Mr. Anderson may have initially waived his right to notice of the final hearing, he was given the court's assurance that he would receive notice of the final hearing, and was, therefore, entitled to such notice. The court erred in not setting aside the judgment.[3]

*Judgment reversed. All the Justices concur.*

## DECIDED MARCH 28, 1994.

*Bennett, Wisenbaker & Bennett, Michael S. Bennett, Michael S. Bennett, Jr., Jim T. Bennett, Jr.,* for appellant.
*O. Wayne Ellerbee,* for appellee.

---

[3] When factual situations exist similar to those found in this case, at the very least, it would be prudent for plaintiff's counsel to see that timely notice is given to the defendant pursuant to the court's direction. See *Green v. Green,* 263 Ga. 551 (437 SE2d 457) (1993).