## S96A0363. CRENSHAW v. CRENSHAW.
### (471 SE2d 845)

FLETCHER, Presiding Justice.

We granted the discretionary application in this case to consider whether notice by publication to a pro se party satisfies due process when the party's address is known and to consider the scope of a lawyer's professionalism duties to a pro se opposing party. Because we are able to decide this case on a narrower basis, we do not reach the broader issues. The record demonstrates that here the notice to the wife, a pro se litigant, in a divorce action involving children was not reasonably designed to insure that she had notice of the trial date and, thus, was inadequate to meet due process requirements. Therefore, we reverse the trial court's denial of the wife's motion to set aside.

The record shows that when the wife filed for divorce, she was represented by counsel. Her counsel withdrew with permission of the court on January 4, 1995. Her counsel's notification to her, which was filed with the court, stated that "services of notices *will* be made upon the client at her last known address."[1] The notification included the wife's correct mailing address. Subsequent to counsel's withdrawal, a trial calendar listing the Crenshaws' divorce case as number 11 on February 6 was published in the Fulton County Daily Report. Prior to February 6, the husband's counsel learned that the case had moved to number 5 and, therefore, the husband and his counsel appeared on February 6. Neither the court nor husband's counsel informed the wife of the trial date. The trial court heard the case in the wife's absence. It granted the husband's counterclaim for divorce, denied the wife's claim for alimony, gave custody of the couple's minor daughter to the wife, and reduced the amount of child support that had been awarded on a temporary basis. When the wife learned of the divorce judgment, she filed a motion to set aside under OCGA § 9-11-60 (d), which the trial court denied.

---

[1] Emphasis supplied.

1. Due process requires that a pro se litigant in a divorce action involving children receive adequate notice of the trial date.[2] At a final divorce hearing, a trial court must decide which parent will retain custody of the minor children, must establish reasonable visitation, and must make provision for the support of the children following statutory guidelines. The parties to the divorce action must be given a reasonable opportunity to be heard on these issues. Additionally, providing pro se parties with reasonable notice of the final hearing is in keeping with the legislative mandate that the trial court consider all the circumstances and render a decision that furthers the best interest of the children.[3]

The burden of providing adequate notice in these circumstances could fall on various shoulders. The burden could be placed on opposing counsel under notions of professionalism.[4] The burden could be placed on counsel who withdraw by requiring them to notify clients of the proper place to look for published trial calendars. Finally, we could place the burden on the trial courts and clerks' offices to provide notice by mail, as is the practice in many circuits. Deciding which of these best balances due process and other legitimate concerns is a complicated question that we need not decide today.

In this case, the trial court had the wife's current mailing address; it knew that the wife was proceeding pro se; it knew that she had been informed by her former counsel upon his withdrawal that "services of notices *will* be made upon the client at her last known address." Finally, because neither party sought summary judgment, a trial was required to resolve disputed issues involving the couple's minor child. Under these circumstances, the notice by publication was not reasonably designed to insure that the wife had notice of the trial date and, therefore, was inadequate to meet due process requirements.[5]

2. Where a judgment is entered in contravention of a party's due process rights to notice, a trial court is authorized to set the judgment aside under OCGA § 9-11-60 (d).[6] The trial court's failure to set aside the judgment in this case was an abuse of discretion.

*Judgment reversed. All the Justices concur, except Benham, C. J., and Thompson, J., who concur specially, and Carley and Hines, JJ., who dissent.*

---

[2] See *Green v. Green*, 263 Ga. 551, 558 (437 SE2d 457) (1993) (Sears, J., concurring specially).

[3] OCGA § 19-9-3.

[4] *Green*, 263 Ga. at 554.

[5] See *Mullane v. Central Hanover Bank &c. Co.*, 339 U. S. 306, 314 (70 SC 652, 94 LE 865) (1950) (notice reasonably calculated, under all the circumstances, to afford parties opportunity to be heard is requirement of due process).

[6] *Johnson v. Mayor &c. of Carrollton*, 249 Ga. 173, 175-176 (288 SE2d 565) (1982).

THOMPSON, Justice, concurring specially.

I agree that this case must be reversed. However, I would remand to the trial court to determine whether, under all the circumstances of the case, the judgment should be set aside.

Mrs. Crenshaw moved to set aside the judgment pursuant to OCGA § 9-11-60 (d). The trial court denied the motion, stating that Mrs. Crenshaw failed to set forth any grounds for relief under OCGA § 9-11-60 (d), and adding that, had Mrs. Crenshaw filed a motion for new trial, it would have been able to exercise discretion in the matter.

A court is vested with discretion in determining whether a motion to set aside should be granted on the ground of insufficient notice of trial. *Spyropoulos v. John Linard Estate*, 243 Ga. 518, 519 (255 SE2d 40) (1979); *Maolud v. Keller*, 153 Ga. App. 268, 269 (265 SE2d 86) (1980). See also *Green v. Green*, 263 Ga. 551, 554 (437 SE2d 457) (1993). Because the trial court denied Mrs. Crenshaw's motion to set aside without exercising any discretion, the judgment should be reversed and the case remanded. *Spyropoulos v. John Linard Estate*, supra.

I am authorized to state that Chief Justice Benham joins in this special concurrence.

CARLEY, Justice, dissenting.

The final decree in this divorce case was entered on February 13, 1995. In the next term of court, Sophia Crenshaw filed a motion to set aside under OCGA § 9-11-60 (d), contending that she had no notice of the date of trial. The trial court recognized that, if Mrs. Crenshaw had filed either a motion to set aside within the term or a timely motion for new trial, it would have had the discretion to grant the relief she sought. However, the trial court denied Mrs. Crenshaw's motion to set aside because it failed to set forth any grounds for relief under OCGA § 9-11-60 (d). A plurality of this Court now reverses the trial court. In my opinion, the plurality misconstrues both the trial court's order and the applicable law and, erroneously reverses that order. Accordingly, I must respectfully dissent.

The plurality appears to be under the mistaken impression that "notice" in the context of service of process under OCGA § 9-11-4 is a relevant issue in this case. However, it is without dispute that Mrs. Crenshaw *was* served with process and that the trial court *did* have personal jurisdiction over her. Compare *Mullane v. Central Hanover Bank &c. Co.*, 339 U. S. 306 (70 SC 652, 94 LE 865) (1950); *Johnson v. Mayor &c. of Carrollton*, 249 Ga. 173 (288 SE2d 565) (1982) (no requirement that the lack of jurisdiction over the person appear on the face of the record or pleadings to authorize grant of motion to set aside under OCGA § 9-11-60 (d)). What is at issue here is "notice" to

Mrs. Crenshaw of the date of trial. Accordingly, authority which deals with "notice" of the initiation of an action, rather than "notice" of hearings scheduled during the pendency of an action, is inapplicable here. *Carson v. Morris*, 164 Ga. App. 732 (297 SE2d 513) (1982).

The plurality holds that, because Mrs. Crenshaw is a pro se litigant in a divorce action involving children, "notice by publication was not reasonably designed to insure that [she] had notice of the trial date and, therefore, was inadequate to meet due process requirements." However, OCGA § 9-11-40 (c) is the controlling statutory authority as to "notice" of the date of trial. Our decisions establish that "publication of the trial calendar in the official county newspaper *is* notice of trial pursuant to [OCGA § 9-11-40 (c)]." (Emphasis supplied.) *Brown v. C & S Nat. Bank*, 245 Ga. 515, 518 (265 SE2d 791) (1980). See also *Spyropoulos v. John Linard Estate*, 243 Ga. 518 (255 SE2d 40) (1979). Nothing in OCGA § 9-11-40 (c) or in any cases construing that Code section provides that publication of the trial calendar in the official county newspaper is *not* notice of trial to a pro se litigant in a divorce action involving children.

In its haste to reverse the trial court, the plurality ignores OCGA § 9-11-40 (c) and the cases which have construed that applicable statutory provision. Instead, the plurality simply concludes that the trial court's denial of Mrs. Crenshaw's OCGA § 9-11-60 (d) motion to set aside was an abuse of discretion. However, as the trial court recognized, a motion to set aside filed within the same term would be addressed to its sound discretion and, to grant such a motion, it need only find "some meritorious reason" therefor. *Hicks v. Hicks*, 226 Ga. 798, 799 (177 SE2d 690) (1970). The trial court also correctly noted that the first grant of a new trial would be a matter entirely within its discretion. OCGA § 5-5-50. However, OCGA § 9-11-60 (d) specifies the grounds for setting aside a judgment and, unless one of those specified grounds is found to exist, a trial court has no discretion to set aside the judgment. *Holloman v. Holloman*, 228 Ga. 246, 248 (2) (184 SE2d 653) (1971). Here, the trial court found that Mrs. Crenshaw's motion failed to state a ground which would authorize the setting aside of the judgment pursuant to OCGA § 9-11-60 (d). Accordingly, unless Mrs. Crenshaw's motion did state a ground which would authorize the setting aside of the judgment pursuant to that statute, the trial court had no discretion to set the judgment aside and its order denying Mrs. Crenshaw's OCGA § 9-11-60 (d) motion is correct.

Nothing in OCGA § 9-11-60 (d) authorizes the trial court, in the exercise of its discretion, to set aside a judgment when the movant is a pro se litigant who received notice by publication of the trial date of a divorce action involving children. Compare *Johnson v. Mayor &c. of Carrollton*, supra (trial court authorized to set aside judgment when litigant has not been served and personal jurisdiction is, therefore,

lacking). *Spyropoulos v. John Linard Estate*, supra, does recognize the existence of a trial court's discretionary authority to grant an OCGA § 9-11-60 (d) motion to set aside. However, the discretion recognized in *Spyropoulos* is that which the trial court is authorized to exercise only *after* it has made the determination that a proper ground exists for setting aside the judgment. As indicated by *Brown v. C & S Nat. Bank*, supra at 518, *Spyropoulos* stands only for the proposition that an OCGA § 9-11-60 (d) motion is authorized "where the lack of notice *appears on the face of the record*. [Cits.]" (Emphasis supplied.) Compare *Johnson v. Mayor &c. of Carrollton*, supra (lack of service and personal jurisdiction need not appear on the face of the record to authorize OCGA § 9-11-60 (d) motion).

A defect does not appear on the face of the record or pleadings if its existence can be shown only by evidence. *Wiley v. Wiley*, 233 Ga. 824, 826 (2) (213 SE2d 682) (1975). The published trial calendar in this case evinces no "defect" on its face and Mrs. Crenshaw's sole contention is that the judgment should be set aside because, under the circumstances shown by evidence, she should have been provided with personal notice. Compare *Johnson v. Mayor &c. of Carrollton*, supra (judgment set aside because, under the circumstances shown by evidence, defendant was not served with process). This contention obviously fails to state a viable "defect" appearing on the face of the record, because, as previously noted, sufficient notice of trial is afforded by publication of the trial calendar in the official legal organ of the county wherein the trial court is situated. *Brown v. C & S Nat. Bank*, supra at 518. Compare *Coker v. Coker*, 251 Ga. 542 (307 SE2d 921) (1983) (face of record showing no notice by publication or otherwise); *Brown v. C & S Nat. Bank*, supra (absence of attorney's name from published trial calendar a defect appearing on the face of the record or pleadings).

There may be a policy basis for a requirement that a pro se litigant in a divorce action involving children be given notice of trial other than through publication of the trial calendar in the official county newspaper. However, that is strictly a policy decision for the General Assembly and neither the trial court nor this Court has the authority to amend OCGA § 9-11-40 (c) so as to provide for exceptional notice provisions for such litigants. It is the duty of the courts to insure that the laws, as enacted by the General Assembly, are enforced if constitutional and struck down if not. Here, the trial court was not called upon to declare that OCGA § 9-11-40 (c) is unconstitutional for failure to provide exceptional notice provisions for pro se litigants in a divorce action involving children. Likewise, this Court should not undertake to fashion such an exception to OCGA § 9-11-40 (c) so as to meet its own personal and subjective concept of due process. Such an exception can only be enacted by the General

Assembly and resolution of the issue of whether OCGA § 9-11-40 (c) is unconstitutional for the lack of such an exception must await a case wherein that issue was properly raised and decided. See generally *Marr v. Ga. Dept. of Ed.*, 264 Ga. 841 (452 SE2d 112) (1995).

*Green v. Green*, 263 Ga. 551 (437 SE2d 457) (1993) is certainly not authority for reversing the trial court in this case. Nothing in *Green* indicates that it involved an out-of-term motion to set aside which would be controlled by the provisions of OCGA § 9-11-60 (d), rather than an in-term motion authorizing the trial court to exercise its discretion in determining the existence of a "meritorious reason" for setting aside the judgment. Moreover, even assuming that *Green* did involve an OCGA § 9-11-60 (d) motion, *Green* relies upon *Spyropoulos*, which authorizes a trial court's discretionary grant of an OCGA § 9-11-60 (d) motion only if the lack of notice appears on the face of the record. *Brown v. C & S Nat. Bank*, supra. Because Mrs. Crenshaw's lack of notice does not so appear, the trial court had no discretion to grant her OCGA § 9-11-60 (d) motion.

In *Maolud v. Keller*, 153 Ga. App. 268 (265 SE2d 86) (1980), the Court of Appeals cited *Spyropoulos* and reversed the denial of an OCGA § 9-11-60 (d) motion. In that case, however, the trial court denied the motion without indicating that it found no nonamendable defect appearing on the face of the record or pleadings. Here, in contrast, the trial court specifically found that Mrs. Crenshaw's motion stated no ground for relief under that statutory provision. Moreover, *Maolud* was decided before *Brown v. C & S Nat. Bank*, supra, and it is this Court's construction of *Spyropoulos* in *Brown* that is controlling.

OCGA § 9-11-40 (c) provides for "notice" of the date of trial and makes no exceptional provisions for pro se litigants in divorce actions involving children. In this case, the issue of the constitutionality of OCGA § 9-11-40 (c) was never raised by Mrs. Crenshaw or ruled on by the trial court. All that the trial court was called upon to decide was whether the judgment should be set aside under OCGA § 9-11-60 (d). The face of the record shows that notice of the date of trial was provided in conformity with OCGA § 9-11-40 (c). In my opinion, the trial court correctly held that Mrs. Crenshaw failed to show that she was entitled to relief under OCGA § 9-11-60 (d) and that it lacked discretionary authority to grant her motion to set aside. See *East India Co. v. Marsh & McLennan, Inc.*, 160 Ga. App. 529, 530 (1) (287 SE2d 574) (1981). Therefore, I believe the judgment of the trial court should be affirmed and I must respectfully dissent to the plurality's reversal of what I perceive to be a correct ruling by the trial court.

I am authorized to state that Justice Hines joins in this dissent.

DECIDED JUNE 17, 1996 —
RECONSIDERATION DENIED JULY 12, 1996.

*Fonseca & Soons, Jeffrey H. Fonseca,* for appellant.
*Christine M. Stadler,* for appellee.
*Rowe & Lawler, Thomas C. Lawler III,* amicus curiae.