S99A1179. IN RE LAURA J. BURTON.
(521 SE2d 568)

CARLEY, Justice.

Laura J. Burton is an attorney who represented the wife in a child custody action. Although the case originated in the superior court, that court transferred the proceeding to the juvenile court for investigation and determination. OCGA § 15-11-6 (b). The juvenile

court entered a final order which was adverse to Ms. Burton's client. Shortly thereafter, the husband filed in the superior court a motion to cite Ms. Burton for contempt and to issue a restraining order against her. According to the allegations of this motion, Ms. Burton had disclosed to a named reporter certain confidential and privileged information contained in the official court records of the custody proceeding. Because these allegations related to issues arising out of the custody action, the superior court transferred the motion for disposition by the juvenile court. Ms. Burton responded to the motion by sending a letter to both the juvenile court judge and opposing counsel, threatening to bring a federal lawsuit against them unless they honored her demands for an immediate dismissal and payment of the sum of $200,000. Eventually, citing the pending motion against her, Ms. Burton withdrew as the attorney of record for the wife in the custody action. After conducting a hearing, the juvenile court found that Ms. Burton was in wilful contempt, and it also entered an order restraining her from any further dissemination of confidential and privileged information. Ms. Burton filed a notice of appeal, purporting to act on behalf of herself and the wife whom she no longer represented. The juvenile court entered a subsequent order directing Ms. Burton to amend her notice of appeal so as to reflect that it addressed only the order holding her in contempt and restraining her from further disclosure of information. In ostensible compliance with that order, Ms. Burton filed an amended notice of appeal pursuant to which this case is now before us.

1. The husband has moved to dismiss on the ground that Ms. Burton's notice of appeal, as amended, is not sufficient to invoke our jurisdiction. Because Ms. Burton was not the legal representative of the wife, the original notice of appeal obviously was ineffective as to any issues other than Ms. Burton's own citation for contempt and the restraint on her disclosure of information regarding the custody proceeding for which she formerly was retained. The original notice of appeal did not comply with OCGA § 5-6-37, because it failed to designate the juvenile court's order on those issues as the appealable judgment. *Head v. Gulf Oil Corp.*, 225 Ga. 21 (165 SE2d 658) (1969). However, the juvenile court did not dismiss the notice of appeal for this deficiency, but instead properly held that Ms. Burton was permitted to amend the notice of appeal so as to comply with the statutory requirements. OCGA § 5-6-48 (d); *Blackwell v. Cantrell*, 169 Ga. App. 795 (1) (315 SE2d 29) (1984). The amended notice of appeal specifies as the appealable order "the trial court's finding of contempt in May 1998 and the trial court's permanent restraining order dated in or around May 1998." Husband contends that this too is insufficient to comply with the requirement of OCGA § 5-6-37 that a notice of appeal set forth "a concise statement of the judgment, ruling, or

order entitling the appellant to take an appeal. . . ." However, a review of the record shows that the order finding Ms. Burton in contempt and issuing the restraining order against her is dated May 20, 1998, although it was not entered until June 4, 1998.

> Where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from . . ., the appeal shall be considered in accordance therewith notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from. . . .

OCGA § 5-6-48 (f). The amended notice of appeal complies with the requirement of OCGA § 5-6-37. See *Stephens v. State*, 201 Ga. App. 737 (412 SE2d 568) (1991); *Insurance Co. of N.A. v. Jewel*, 118 Ga. App. 599, 602 (164 SE2d 846) (1968). Therefore, the motion to dismiss is denied.

2. In several enumerations of error, Ms. Burton questions the jurisdiction of the juvenile court to address the issues of her alleged contempt and disclosure of information contained in the record of the custody proceeding. Where, as here, the referral of a custody issue "is for investigation and determination, then the juvenile court shall proceed to handle the matter in the same manner as though the action originated under [A]rticle [1 of the Juvenile Code], in compliance with the order of the superior court." OCGA § 15-11-6 (b). Except in circumstances inapplicable here, all files and records of a juvenile court in a proceeding brought under Article 1 of the Juvenile Code "are open to inspection only upon order of the court." OCGA § 15-11-58 (a). Thus, it is clear that, as to this custody proceeding, the juvenile court was authorized to issue an order restraining the future disclosure of information contained in its files and records, and to punish for contempt any past unauthorized disclosure of that material. OCGA §§ 15-11-57 (a); 15-11-62. Moreover, Ms. Burton, in her capacity as an attorney is an officer of the court. As such, her conduct in connection with the transferred custody proceeding is subject to the control of the juvenile court, "in the furtherance of justice, . . . in every matter appertaining thereto. . . ." OCGA § 15-1-3 (4). "[O]f all officers of the court, the last who should be permitted . . . to violate law are those who owe allegiance and fealty peculiarly to the law, by their knowledge and learning, no less than by their high and honorable vocation of counsellors at law." *Wimpy v. Phinizy*, 68 Ga. 188, 190 (1881). The juvenile court had jurisdiction to issue the orders from which Ms. Burton brings this appeal.

3. Although the juvenile court was authorized to address the issue of Ms. Burton's contempt, it could adjudicate her as being in

criminal contempt based only upon evidence of her guilt beyond a reasonable doubt. *In re Crane*, 253 Ga. 667, 669 (2) (324 SE2d 443) (1985). "The test applied to determine whether a statement is contemptuous is whether there is a clear and present danger to orderly administration of justice. [Cit.]" *Garland v. State*, 253 Ga. 789, 790 (2) (325 SE2d 131) (1985).

A review of the record shows that the juvenile court heard testimony from three witnesses to the effect that they received telephone calls from a named individual who identified herself as a reporter and who indicated that Ms. Burton had disclosed to her certain items of confidential and privileged information contained in the court record of the custody proceeding. This testimony certainly proves that the witnesses received such telephone calls and, if their own subsequent conduct was a relevant inquiry, would be admissible as explanatory thereof. See *NationsBank v. Southtrust Bank of Ga.*, 226 Ga. App. 888, 894 (1) (A) (487 SE2d 701) (1997). The witnesses' testimony does not, however, show that Ms. Burton or anyone else in fact made an unauthorized disclosure. Insofar as the truth of that assertion is concerned, the testimony was mere hearsay. "[T]estimony is considered hearsay . . . if the witness is testifying to another party's statement in order to prove or demonstrate the truth of the matter asserted in that statement. [Cits.]" *Williams v. Memorial Med. Center*, 218 Ga. App. 107, 109 (3) (460 SE2d 558) (1995). " '(H)earsay testimony is not only inadmissible but wholly without probative value, and its introduction without objection does not give it any weight or force whatever in establishing a fact.' [Cit.]" *White Missionary Baptist Church v. Trustees of First Baptist Church of White, Ga.*, 268 Ga. 668, 669 (1) (492 SE2d 661) (1997). The reporter who allegedly named Ms. Burton as the source of her information never testified and there was no other proof offered to show that Ms. Burton or anyone else ever disclosed information contained in the court's files and records. Proof that someone made an out-of-court claim of receipt of information does not suffice as proof that such information was in fact imparted as claimed. Therefore, the juvenile court erred in finding that Ms. Burton was guilty of criminal contempt on the basis of an unauthorized disclosure of court records.

Insofar as the letter sent by Ms. Burton to the juvenile court judge and to opposing counsel is concerned,

> [w]e do not condone statements of this nature. Civility and courtesy should be hallmarks of the legal profession, and statements or conduct which offend this precept are not favored. However, we are dealing here with the narrow issue of criminal contempt and its even narrower limitation of clear and present danger.

*Garland v. State,* supra at 792 (2). There is considerable doubt whether the letter authored by Ms. Burton would authorize a finding that she was guilty of criminal contempt, " '[f]or it is a prized American privilege to speak one's mind, although not always with perfect good taste, on all public institutions. . . .' [Cit.]" *Garland v. State,* supra at 791 (2). However, we need not decide whether the letter is in fact contemptuous, since the juvenile court's order indicates a finding only that the letter "borders on criminal contempt. . . ." " '(N)either "inherent tendency" nor "reasonable tendency" is enough to justify a restriction of free expression.' [Cit.]" *Garland v. State,* supra at 790 (2). Clearly, a finding that an attorney's conduct only borders on criminal contempt cannot be construed as a finding of the attorney's guilt of criminal contempt beyond a reasonable doubt.

4. Based upon the foregoing, the restraining order is affirmed, but the citation for contempt is reversed.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED SEPTEMBER 20, 1999.

*Laura J. Burton,* pro se.
*William H. Turner,* for appellee.