## S00A0936. LUCAS v. LUCAS.
### (539 SE2d 807)

HINES, Justice.

We granted the application for discretionary appeal in this divorce case to determine whether the professional concerns expressed in *Green v. Green*, 263 Ga. 551 (437 SE2d 457) (1993), require that notice of trial be given to a defendant not otherwise entitled to notice under *Hardwick v. Hardwick*, 245 Ga. 570 (266 SE2d 184) (1980). Finding that, in this case, they do not, we affirm.

After four years of marriage, Ms. Lucas filed for divorce on September 4, 1998. The couple separated but continued living in the marital residence. Mr. Lucas filed an acknowledgment of service through counsel, but did not file responsive pleadings. In the early morning of December 10, 1998, there occurred a domestic dispute and Ms. Lucas called the police. Mr. Lucas was taken into custody. Later that day, without notice to Mr. Lucas, Ms. Lucas obtained a protective order and a final decree of divorce. Mr. Lucas sought to set aside the judgment of divorce or obtain a new trial based on his lack of notice of the final hearing. His motions were denied.

There are no children of the marriage and neither party received support; only the divorce and division of property were involved in the decree.

1. Under OCGA § 9-11-5 (a), "the failure of a party to file pleadings in an action shall be deemed to be a waiver by him of all notices, including notices of time and place of trial, and all service in the action, except service of pleadings asserting new or additional claims for relief. . . ." By failing to file responsive pleadings, Mr. Lucas came within the ambit of this Code section. "When a defendant in a divorce action fails to file defensive pleadings, the divorce is, by definition, uncontested. Failure to file defensive pleadings constitutes waiver of notice of the hearing on the final decree." (Citations omitted.) *Hardwick v. Hardwick*, 245 Ga. at 571.

However, Mr. Lucas asserts that there are considerations other than his failure to file responsive pleadings. He cites *Green v. Green*, 263 Ga. at 555 (2), for the proposition that the professional responsibilities of opposing counsel required that opposing counsel inform him of the final hearing. However, *Green* does not control because Mr. Lucas was represented by counsel of his own. In *Green*, the plaintiff's counsel withdrew and plaintiff moved from the state. Notice of the final hearing was only published in the official organ of the county; no effort was made to contact the plaintiff directly. Defendant's counsel, who knew plaintiff's out-of-state address, appeared for the final hearing and, when the court stated that the case would have to be continued because the record could not be located, went to considerable effort to find the record in another judge's chambers and

secure the final decree, which included provisions involving custody of children and an award for their support. This Court found that because of "the lengths to which [the defendant's] counsel went to ensure that this case was tried in the absence of [the pro se plaintiff]," the proper exercise of the trial court's discretion required that the judgment be set aside. Id.

The *Green* Court clearly was concerned about counsel's action when facing an unrepresented party; the opinion specifically notes with approval that many attorneys assume "the burden of notifying by mail any unrepresented opposing party when their case appears on a trial calendar," and further notes that no such effort was made in that case. Id. Here, Mr. Lucas was represented, as Ms. Lucas's counsel was well aware, having engaged in negotiations with Mr. Lucas's counsel. As *Green* noted, attorneys are not required to make the interests of their clients subservient to opposing parties. Id., n. 4. As Mr. Lucas was represented, Ms. Lucas's counsel could rely upon Mr. Lucas's counsel to properly consider and advise Mr. Lucas on such matters as the effect of not filing responsive pleadings.

Mr. Lucas also contends that Ms. Lucas did not comply with the applicable local rules. Specifically, he contends that Internal Operating Procedure 98-16 of the Bell-Forsyth Judicial Circuit was not followed as Ms. Lucas did not heed its requirement that parties complete the Civil Non-Jury Hearing Request Form, which informs attorneys that "[y]ou are responsible for notifying all other necessary parties and attorneys of the court date assigned." However, assuming that the form in question is intended to be used when, under OCGA § 9-11-5 (a), a party is not entitled to notice of hearings, the portion of Internal Operating Procedure 98-16 dealing with emergencies and expedited hearings has no requirement that the form be used; the form clearly does not contemplate being used in such circumstances as it assumes notification of court dates by mail.

2. Mr. Lucas argues that the trial court erred by not classifying all property as either marital or non-marital prior to performing an equitable division. See *Thomas v. Thomas*, 259 Ga. 73, 75 (377 SE2d 666) (1989). However, the decree specifically recites that certain property is marital and that other property is non-marital. Attached to the decree is an appendix listing the personalty found in the home, including its classification as marital or non-marital. There is nothing in the record to indicate that the court failed to properly consider property to be either marital or non-marital and, absent such, this Court will presume that the trial court acted properly. *Gillespie v. Gillespie*, 259 Ga. 838 (388 SE2d 688) (1990).

3. Finally, Mr. Lucas contends that the judgment is void because it was rendered by a state court judge improperly acting as a superior court judge. However, the designation of the state court judge to

serve in superior court comports with OCGA § 15-1-9.1 (b) (2) (D), providing for the permanent assistance of an additional judge from another court in the same county. The order establishing the permanent assistance recites that "[t]here will be occasions when the superior court judge . . . will [of necessity] be absent from the office. . . ."[1] At the time of the decree, the court also issued a temporary protective order, and Mr. Lucas's proffer of evidence on the motion for new trial indicates that it would appear to a court faced with these circumstances that an immediate decision was desirable.

Mr. Lucas now argues that OCGA § 15-1-9.1 (b) (2) (D) is unconstitutional, but he made no such assertion in the trial court. This Court will not rule on a challenge to the constitutionality of a statute unless the issue has been raised and ruled on in the trial court. *Atlanta Indep. School Sys. v. Lane*, 266 Ga. 657, 658 (1) (469 SE2d 22) (1996).

*Judgment affirmed. All the Justices concur, except Benham, C. J., and Carley, J., who concur specially, and Hunstein, J., who dissents.*

CARLEY, Justice, concurring specially.

I concur fully in Divisions 2 and 3 of the majority opinion and in the judgment. With regard to Division 1, I agree that *Green v. Green*, 263 Ga. 551 (437 SE2d 457) (1993), does not control in this case because both parties were represented by counsel. However, in distinguishing *Green*, the majority correctly points out that "[h]ere, Mr. Lucas was represented, as Ms. Lucas's counsel was well aware, having engaged in negotiations with Mr. Lucas's counsel." Majority Opinion, p. 241. Thus, I must agree that what plaintiff and her counsel did in taking the decree complied with the *letter* of the law. "Nevertheless, in light of the settlement discussions that had taken place between the parties' lawyers, it appears the [wife's] attorney's action in proceeding to the final decree may have exceeded the bounds of professional and ethical conduct governing attorneys." *Evanoff v. Evanoff*, 262 Ga. 303, 304 (418 SE2d 62) (1992) (Benham, J., concurring).

I am authorized to state that Chief Justice Benham joins in this opinion.

HUNSTEIN, Justice, dissenting.

The majority holds that Lucas's failure to file defensive pleadings constituted a waiver of notice of the hearing on the final decree of judgment which the trial court entered without the presence of Lucas or his attorney. Because our holding in *Green v. Green*, 263 Ga. 551 (437 SE2d 457) (1993) and the policy underlying domestic cases

---

[1] This circuit has only one superior court judge.

challenges the notion that notice of the final hearing to Lucas or his counsel was unnecessary, I would reverse the trial court's ruling in this case.

In *Green* this Court held that the higher standards embodied in the professionalism movement established in *Evanoff v. Evanoff*, 262 Ga. 303 (418 SE2d 62) (1992), are factors to be considered in determining whether a judgment obtained in the defendant's absence should be set aside. The role of plaintiff's counsel was examined to determine whether counsel's failure to notify the defendant of the hearing and thus deprive the defendant a full and fair opportunity to be heard, violated the principles embodied in the concept of fundamental fairness. In the end, the attorney's non-professional conduct was a substantial factor in setting aside the judgment. See McConaughey, Ga. Divorce, Alimony and Child Custody (1999 Ed.), Legal Ethics, § 28-1 et seq. The majority's inclination to allow the wife to proceed with the final hearing without notice to opposing counsel overlooks the spirit of cooperation and civility emphasized in *Green*, is inappropriate, unduly prejudicial and contravenes the basic premise underlying domestic cases that they will not end in default. The record establishes that Lucas's attorney was unaware that the responsive pleadings he prepared had not been filed in the trial court. It also establishes that during the abbreviated pendency of this matter there was communication between counsel and the parties continued to reside together. It was not until December 10 when the parties engaged in an altercation which resulted in the wife calling the police and Lucas being arrested, that the wife appeared before the trial judge and obtained an ex parte final judgment and decree of divorce making a division of the parties' substantial assets. When Lucas's attorney learned of the judgment, he promptly filed a motion to set aside under OCGA § 9-11-60 (d) or for a new trial. It is axiomatic that even where notice of the hearing on the final decree is waived by failure to file responsive pleadings, the allegations of the divorce petition must still be established by evidence. *Herring v. Herring*, 246 Ga. 462 (271 SE2d 857) (1980). See OCGA § 19-5-8; *Benefield v. Benefield*, 224 Ga. 208 (2) (160 SE2d 895) (1968). Lucas was not given the opportunity to present evidence regarding the assets awarded in this case.

Moreover, the divorce decree suffers from the same defect of professionalism that prompted the majority of this Court to set aside the judgment in *Green*. After distinguishing *Green* on the basis that an attorney has a professional responsibility to provide notice to an opposing party but not opposing counsel, a distinction with which I cannot agree, the majority holds that *Hardwick v. Hardwick*, 245 Ga. 570 (266 SE2d 184) (1980), controls in this case. *Hardwick* provides that when a defendant in a divorce action fails to file defensive plead-

ings, the divorce is uncontested, and the failure to file defensive pleadings constitutes a waiver of notice and hearing on the taking of the final decree. Since this decision, the appellate courts have been increasingly willing to allow exceptions to the *Hardwick* rule in order to avoid a fundamentally unfair result and to advocate professionalism in domestic relations cases. See, e.g., *Herring v. Herring*, supra at 246 Ga. 462 (court considered factors such as intent to contest the decree and timeliness of challenge to the decree); *Anderson v. Anderson*, 264 Ga. 88 (441 SE2d 240) (1994) (defendant who failed to file defensive pleadings to a divorce petition but received an express assurance by the court that he would receive notice of the final hearing on the divorce petition, was entitled to have the judgment entered in his absence set aside); *Brown v. Brown*, 217 Ga. App. 245, 247 (457 SE2d 215) (1995) (defendant who filed a legally insufficient answer was nevertheless entitled to the simple expedient of notice of the final hearing in order to have his domestic relations case "properly heard and resolved"); *Crenshaw v. Crenshaw*, 267 Ga. 20 (471 SE2d 845) (1996) (abuse of the trial court's discretion found when court refused to set aside a final judgment obtained in the wife's absence).

Because the facts demanded the trial court to recognize the lack of fundamental fairness at the heart of this case and obligated the trial court to exercise its discretion to set aside the judgment, I must dissent.

DECIDED NOVEMBER 30, 2000 —
RECONSIDERATION DENIED DECEMBER 15, 2000.

*Gary C. Harris*, for appellant.
*Stern & Edlin, Shiel G. Edlin, Jennifer E. Jacobson*, for appellee.