S02A0090. JAMES v. JAMES.
(562 SE2d 506)

THOMPSON, Justice.

We granted a discretionary appeal to answer this question: Whether, in this divorce case, the trial court abused its discretion in denying husband's motion to set aside the judgment because husband was not afforded adequate notice of the date set down for trial.

Wife filed for divorce. Husband was personally served with a copy of the complaint, but he did not file an answer. Wife's counsel obtained a rule nisi, setting an initial hearing, but subsequently had the case continued. The trial court scheduled a status conference and gave husband notice of that conference, but he did not appear. At the conference, the case was set for a non-jury trial. Husband was not given notice of the trial date and, of course, he did not appear.

Following the trial, wife was granted a divorce. Husband learned of the divorce 18 months later, and he filed a motion to set aside judgment based on lack of notice. The trial court denied husband's motion. Husband sought, and this Court granted, a discretionary appeal. We affirm.

OCGA § 9-11-5 (a) provides, in part:

[T]he failure of a party to file pleadings in an action shall be deemed to be a waiver by him . . . of all notices, including notices of time and place of trial . . . and all service in the action, except service of pleadings asserting new or additional claims for relief.

Because husband failed to file a defensive pleading, he was not entitled to receive further notices. It follows that husband waived notice of the hearing on the final divorce. *Lucas v. Lucas*, 273 Ga. 240 (539 SE2d 807) (2000); *Hardwick v. Hardwick*, 245 Ga. 570 (266 SE2d 184) (1980). Compare *Wright v. Wright*, 270 Ga. 229 (509 SE2d 902) (1998), in which defendant was not given notice of the trial date even though he filed an answer and a demand for jury trial.

This case is not like *Green v. Green*, 263 Ga. 551 (437 SE2d 457) (1993), or *Crenshaw v. Crenshaw*, 267 Ga. 20 (471 SE2d 845) (1996). In those cases, we held that the *plaintiff* who brought suit, and was not represented by counsel at the time of the hearing, was entitled to

be given notice of the hearing by opposing counsel. Unlike a defendant who does not file a responsive pleading, a plaintiff does not waive all notices. Cf. OCGA § 9-11-5 (d). Thus, unlike husband in this case, the plaintiffs in *Green* and *Crenshaw* did not waive their right to be notified of the time of trial.

Of course, *Green* was premised on the notion that the professional responsibilities of opposing counsel required him to inform plaintiff, who was previously represented by counsel, of the final hearing. As this court observed in *Green*:

> [The] spirit of cooperation and civility, when taken together with the notions of fundamental fairness that lie at the heart of the principle of due process of law, requires that attorneys, as officers of the court, make a good faith effort to ensure that all parties to a controversy have a full and fair opportunity to be heard. Such an effort may entail, as is already the customary practice of many attorneys, counsel assuming the burden of notifying by mail any unrepresented opposing party when their case appears on a trial calendar.

Id. at 554-555.

We see those principles come to the aid of a defendant who did not file a responsive pleading in *Melcher v. Melcher*, 274 Ga. 711 (559 SE2d 468) (2002). In that case, defendant's attorney maintained contact with plaintiff's attorney and was engaged in settlement negotiations with him. While those negotiations continued, plaintiff's counsel scheduled the case for trial without notifying defendant's counsel. Under those circumstances, we held that the trial court was authorized to conclude that defendant demonstrated good cause for not attending the trial.

Unlike the defendant in *Melcher*, husband was never represented by counsel and he did not enter into settlement negotiations with wife's counsel. Thus, the unusual circumstances presented in *Melcher* are not present in this case, and we see no facts which would take this case outside of the general rule set forth in *Lucas v. Lucas*, 273 Ga. 240, supra, and *Hardwick v. Hardwick*, 245 Ga. 570, supra, that the failure to file defensive pleadings waives notice of trial.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 15, 2002 —
RECONSIDERATION DENIED MAY 9, 2002.

*McGough, Huddleston & Medori, Gregory R. Miller*, for appellant.
*Billy J. Dixon*, for appellee.