### S09F1798. ELLIS v. ELLIS.

(690 SE2d 155)

MELTON, Justice.

In this divorce action, which falls under this Court's Pilot Project, Bonnie Lou Ellis ("Wife") contends that the trial court erred by conducting a final hearing in her absence and entering a judgment on the pleadings in favor of Otis Dan Ellis ("Husband"). Because Wife filed no responsive pleadings and thereby waived notice of a final hearing, we affirm.

The record shows that Otis Dan Ellis filed a complaint for divorce in June 2008, and Bonnie Lou Ellis, who was not represented by counsel at the time, acknowledged service of Husband's complaint but failed to file any responsive pleading. Wife eventually retained counsel, Mr. Law, who filed his entry of appearance on Wife's behalf on August 11, 2008. However, Mr. Law also did not file a responsive pleading to Husband's complaint. Husband's attorney, Mr. Turner, provided Mr. Law with a notice of the final hearing, which was ultimately continued, and depositions were scheduled for February 2009. According to Wife's attorney, Mr. Turner agreed to inform him of any rescheduled date for the final hearing after it had been set by the court.[1] Prior to the depositions taking place, another attorney, Ms. Sheppard, filed an entry of appearance on behalf of Husband,[2] and she moved the trial court to enter a final judgment of divorce on the pleadings without holding an evidentiary hearing. Later that month, the court granted Husband's motion.[3]

---

[1] Mr. Turner did not testify at the motion for new trial hearing.

[2] After Ms. Sheppard's appearance in the case, it seems Mr. Turner no longer participated; however, the record is unclear regarding Mr. Turner's continued role in the case, if any.

[3] Although no default judgment may be entered in a divorce action, see OCGA § 19-5-8, a judgment on the pleadings may be entered in certain circumstances. OCGA § 19-5-10 (a) provides:

> In divorce cases which are not defended by the responding party, the judge shall determine that the asserted grounds for divorce are legal and sustained by proof or

On February 27, 2009, Mr. Law filed a motion for new trial on behalf of Wife, relying on the alleged agreement made by Mr. Turner to provide him with notice of any final hearing date. The superior court denied this motion, holding that Wife's counsel could not contend that the court failed to properly give Wife notice because she waived notice by failing to file any responsive pleadings, irrespective of any outside agreement between counsel.

As a general rule, "[w]hen a defendant in a divorce action fails to file defensive pleadings, the divorce is, by definition, uncontested. Failure to file defensive pleadings constitutes waiver of notice of the hearing on the final decree." (Citations omitted.) *Hardwick v. Hardwick*, 245 Ga. 570, 571 (266 SE2d 184) (1980). OCGA § 9-11-5 (a) provides:

> . . . [T]he failure of a party to file pleadings in an action shall be deemed to be a waiver by him or her of all notices, including notices of time and place of trial and entry of judgment, and all service in the action, except service of pleadings asserting new or additional claims for relief. . . .

Therefore, in this case, Wife waived any notice regarding the final hearing by failing to file a responsive pleading, and the trial court properly denied her motion for a new trial.

Contrary to Wife's arguments, *Anderson v. Anderson*, 264 Ga. 88 (441 SE2d 240) (1994) and *Green v. Green*, 263 Ga. 551 (437 SE2d 457) (1993), do not change this result, as these cases are distinguishable from the matter now before us. In *Anderson*, we found that a pro se defendant who fails to file defensive pleadings but who receives the express assurance of the trial court at a temporary hearing that he will receive notice of the final hearing on a divorce petition is entitled to notice of the final hearing. No similar assurances were made by the trial court in this matter.

In *Green*, the plaintiff filed for divorce from her husband, subsequently moved out of state, and her attorney thereafter withdrew from the case. While plaintiff was unrepresented and out of state, the defendant's attorney used "extraordinary efforts . . . to bring th[e] case to trial in the absence of the unrepresented party whom [he] knew to live out of this state." Id. at 552. We found that

---

shall appoint an attorney of the court to discharge that duty for him. An evidentiary hearing for the determination of the existence of the grounds for divorce and for the determination of issues of alimony, child support, and child custody and other issues is authorized but not required. If no evidentiary hearing is held, the determination of such matters may be made upon the verified pleadings of either party, one or more affidavits, or such other basis or procedure as the court may deem proper in its discretion.

notions of fundamental fairness required that, in certain circumstances, counsel of a represented party must "assum[e] the burden of notifying by mail any unrepresented opposing party when their case appears on a trial calendar." Id. at 555 (2). We further held in *Green* that, "[g]iven all the circumstances of this case, and especially the lengths to which appellee's counsel went to ensure that this case was tried in the absence of [the] appellant," required the judgment of divorce to be set aside. Id.

Unlike *Green*, this case involves a defendant who failed to file responsive pleadings but later retained counsel, not an unrepresented plaintiff who was prevented from receiving notice of a trial by extraordinary measures.

> The *Green* Court clearly was concerned about counsel's action when facing an unrepresented party. . . . Here, [Wife] was [ultimately] represented, as [Husband's] counsel was well aware, having engaged in negotiations with [Wife's] counsel. As *Green* noted, attorneys are not required to make the interests of their clients subservient to opposing parties. [Cit.] As [Wife] was represented, [Husband's] counsel could rely upon [Wife's] counsel to properly consider and advise [Wife] on such matters as the effect of not filing responsive pleadings.

*Lucas v. Lucas*, 273 Ga. 240, 241 (1) (539 SE2d 807) (2000) (refusing to extend *Green* to a defendant not otherwise entitled to notice under *Hardwick*, supra). Moreover,

> [t]his case is not like *Green*[, supra], or *Crenshaw v. Crenshaw*, 267 Ga. 20 (471 SE2d 845) (1996). In those cases, we held that the *plaintiff* who brought suit, and was not represented by counsel at the time of the hearing, was entitled to be given notice of the hearing by opposing counsel. Unlike a *defendant* who does not file a responsive pleading, a plaintiff does not waive all notices. Cf. OCGA § 9-11-5 (d). Thus, unlike [Wife] in this case, the plaintiffs in *Green* and *Crenshaw* did not waive their right to be notified of the time of trial.

(Emphasis supplied.) *James v. James*, 275 Ga. 165, 165-166 (562 SE2d 506) (2002). Therefore, for all the reasons set forth above, Wife waived any notice of the final hearing in this divorce case, and the trial court did not err by denying her motion for new trial on those grounds.

The dissent argues that the trial court's ruling was entered

without evidence. This argument is incorrect. As an initial matter, Wife has not challenged the sufficiency of the evidence. In her motion for new trial, her hearing on the motion for new trial, and in this appeal, Wife has argued only that she did not receive proper notice of a final hearing. Therefore, the dissent bases its conclusion on a claim that is not even before this Court.

As the dissent readily acknowledges, "[s]atisfactory proof of the allegations of the divorce complaint may consist of verified pleadings, live testimony, affidavits, or similar evidentiary forms." Citing OCGA §§ 19-5-8, 19-5-10 (a). The dissent concedes that the trial court entered its judgment based on Husband's verified complaint and his Domestic Relations Financial Affidavit. Husband's responses to Wife's interrogatories were also provided to the trial court. The Domestic Relations Affidavit categorized the primary assets as premarital assets. In his motion for a final judgment of divorce, Husband further asserted that all marital property remaining in his possession at the time that motion was filed belonged to him. Even though properly served with these pleadings and on notice of the allegations sworn to therein, Wife's attorney filed no responsive pleading to challenge any of this evidence. Based on these materials, the trial court properly determined "that the asserted grounds for divorce are legal and sustained by proof [based] upon the verified pleadings of either party, one or more affidavits, *or such other basis or procedure* as the court may deem proper in its discretion." (Emphasis supplied.) OCGA § 19-5-10 (a). The trial court did what it was required to do, exactly as stated in the two cases cited by the dissent for the contrary conclusion. See *Youmans v. Youmans*, 247 Ga. 529, 530, n. 1 (276 SE2d 837) (1981); *Harris v. Harris*, 228 Ga. 562, 563 (2) (187 SE2d 139) (1972).

The dissent, on the other hand, now finds fault with the trial court's order and the evidence it relied upon. In doing so, the dissent ascribes impropriety to the trial court's reasoning and judges Husband's credibility and motives. Regarding the trial court, the dissent argues that it "unquestioningly approved the divorce decree drafted by Husband's attorney," "gave Husband everything he wanted," and believed that "Wife's failure to file responsive pleadings entitled Husband to decide how the parties' property should be divided." This broad assumption of improper trial court behavior has no basis in the record and directly conflicts with the standard of review. With regard to Husband, the dissent draws his credibility into question, implicitly assigning improper motives to the manner in which he completed his financial affidavit and making assumptions that there must have been additional evidence that he failed to provide the trial court. Again, this exceeds our appellate standard of review, as we may neither make decisions regarding credibility nor create assump-

tions to support our holdings. See, e.g., *Wood v. Wood*, 283 Ga. 8 (1) (a) (655 SE2d 611) (2008) (this Court does not reweigh evidence). The bottom line in this case is that the trial court had evidence on which to base its ruling.[4]

In a similar manner, the dissent inappropriately reweighs the evidence to conclude that Husband failed to give Wife proper notice of a final hearing in this case. The dissent argues that the clearly distinguishable holding in *Anderson*, supra, should be extended to the cover this case "where Sheppard's swift efforts to obtain a final judgment without notice to Wife or her counsel — quite apart from the existence of any agreement between counsel or Sheppard's knowledge thereof — appear *alarmingly calculated, if not deliberately blind-siding*." (Emphasis supplied.) This is not an appropriate basis for an appellate court ruling. The trial court considered evidence on this issue below, both in briefs, evidence, and arguments made by the parties at a motion for new trial hearing. It specifically stated in its order that "[a]ll lawyers in this matter are well known to the [trial court] as honorable, reliable members of the legal profession." By stating otherwise regarding the actions of Sheppard, the dissent disregards the trial court's finding of fact and substitutes one of its own.

*Judgment affirmed. All the Justices concur, except Hunstein, C. J., Carley, P. J., and Benham, J., who dissent.*

HUNSTEIN, Chief Justice, dissenting.

For the following reasons, I must respectfully dissent.

1. It is axiomatic that "[n]o verdict or judgment by default shall be taken in any [divorce] case." OCGA § 19-5-8. Rather, regardless of whether the defendant files an answer or otherwise litigates the case, "the judge shall determine that the asserted grounds for divorce are legal and sustained by proof." OCGA § 19-5-10 (a). Indeed, "even though notice of the hearing on the final decree is waived by failure to file responsive pleadings, the allegations of the petition must still be established by evidence. [Cit.]" *Youmans v. Youmans*, 247 Ga. 529, 530, n. 1 (276 SE2d 837) (1981). Accord *Harris v. Harris*, 228 Ga. 562, 563 (2) (187 SE2d 139) (1972) (even where no defensive pleadings filed, trial court must "hear evidence . . . and make an affirmative finding therefrom that the grounds are legal and are sustained by proof").

Satisfactory proof of the allegations of the divorce complaint

---

[4] For this reason, there was no default judgment in this case, and the outcome of this decision, contrary to the arguments of the dissent, in no way fails to preserve or defend the statutory prohibition on default judgments in divorce cases.

may consist of verified pleadings, live testimony, affidavits, or similar evidentiary forms. OCGA §§ 19-5-8, 19-5-10 (a). Here, the trial court, on Husband's motion, entered judgment without holding an evidentiary hearing. The evidence in the record thus consisted solely of Husband's two-page verified complaint and accompanying domestic relations financial affidavit. Regarding the division of property, the complaint avers only that "the parties have acquired certain property, to which [Husband] is entitled to an equitable distribution." The domestic relations financial affidavit yields little additional information about the parties' property, as it includes only assets designated as Husband's separate property. Thus, there is no evidence of record regarding the type or value of the parties' marital property — of which there must have existed some, given the parties' approximately 14-year marriage — or of any separate property owned by Wife.[5]

Notwithstanding this dearth of evidence, the trial court, apparently of the belief that Wife's failure to file responsive pleadings entitled Husband to decide how the parties' property should be divided, unquestioningly approved the divorce decree drafted by Husband's attorney. Not surprisingly, the decree awarded Husband essentially the entire marital estate, excluding only personal property then in Wife's possession and any cash Wife had withdrawn from the parties' joint accounts prior to the filing of the divorce complaint. Simply stated, the trial court gave Husband everything he wanted, without any evidence to support a finding that such division was equitable. Doing so was clear error. OCGA §§ 19-5-8, 19-5-10 (a); *Youmans*, supra, 247 Ga. at 530; *Harris*, supra, 228 Ga. at 563 (2).

None of the cases cited in the majority opinion militate otherwise, as there is no indication that any of those cases involved the entry of judgment *without evidence*; rather, those cases addressed only the propriety of entering judgment *without notice*. See *James v. James*, 275 Ga. 165 (562 SE2d 506) (2002) (wife granted divorce following trial); *Lucas v. Lucas*, 273 Ga. 240 (539 SE2d 807) (2000) (no indication judgment granted without hearing or other evidence); *Hardwick v. Hardwick*, 245 Ga. 570 (266 SE2d 184) (1980) (same). Likewise, the majority opinion itself examines only the propriety of entering judgment without notice to Wife, without considering the appropriateness of entering judgment in the absence of evidence

---

[5] While the record does include Husband's responses to Wife's interrogatories, which reference real property in Georgia and Florida and a construction company in which Husband claims an ownership interest, these responses are not verified and thus do not constitute evidence. See *Traditional Properties, Inc. v. Performance Food Group of Georgia, LLC*, 291 Ga. App. 442 (662 SE2d 250) (2008) (unverified answer and discovery responses not evidence).

supporting the disposition. In so doing, it merely perpetuates the error in this case, to Wife's severe detriment.

The statutory prohibition on default judgments in divorce cases attests to the legislature's recognition that divorce, which necessarily involves issues of substantial importance to the fundamental well-being of the parties involved, is simply different than other civil actions. See generally *Jolley v. Jolley*, 216 Ga. 51, 53 (114 SE2d 534) (1960) (state and public have particular interest in institution of marriage). Permitting the issuance of a divorce without evidence to justify the manner in which the decree reorders the parties' basic affairs trivializes the stakes involved. Moreover, without evidence, a trial court simply cannot fulfill its prescribed duties in adjudicating the issues before it. For example, where children are involved, a trial court simply cannot fulfill its duty to promote the children's best interests without evidence regarding the relationships between the parties and their children, the particular needs of the children, and the circumstances in which each of the parties will be left post-divorce. See OCGA § 19-9-3 (a). Likewise, without evidence, a determination as to appropriate child support is impossible. See OCGA § 19-6-15 (b) (calculation of child support requires evidence of parties' gross income and expenses). Even where the parties have no children, as in this case, the equitable division of property necessarily requires evidence to support the conclusion that the division made is, in fact, equitable. See generally *Stokes v. Stokes*, 246 Ga. 765 (3) (273 SE2d 169) (1980). For these reasons, it is of the utmost importance that this Court defend and preserve the statutory prohibition on default judgments in divorce cases.

2. Even if the trial court had properly considered evidence that supported the findings in the divorce decree, I would still find the manner in which this case was brought to final disposition to have been patently unfair under the circumstances. The undisputed evidence establishes that Wife's counsel, Hammond Law, received express assurances from Husband's first counsel, Brett Turner, that Turner would give Law notice of any final hearing scheduled in the matter notwithstanding Wife's failure to file an answer to Husband's complaint for divorce. Law testified at the motion for new trial hearing that, given his client's limited resources, he endeavored to avoid the costs of preparing and filing what he considered would be a "pro forma" answer by securing Turner's agreement that Wife's failure to file an answer would not obviate Husband's obligation to notify Wife regarding any final hearing. Husband has adduced no evidence to dispute the existence of such an agreement,[6] which was

---

[6] Though it was expressly recognized by the parties and the trial court that Turner's

implicitly corroborated by ongoing correspondence between Law and Turner regarding mediation and deposition scheduling and the exchange of interrogatories and responses, evidencing Wife's intent to contest the divorce and Turner's acknowledgment thereof.

We have previously recognized that an assurance of notice made by a trial judge to a party who failed to file responsive pleadings is sufficient to justify avoidance of the waiver of notice provision in OCGA § 9-11-5 (a). *Anderson v. Anderson*, 264 Ga. 88 (441 SE2d 240) (1994). It eludes my understanding why the same agreement made by an attorney should be treated any differently; an attorney is, after all, an officer of the court. See generally *In re Burton*, 271 Ga. 491 (2) (521 SE2d 568) (1999). The fact that Husband hired a second attorney, Carol Sheppard, who claims she had no knowledge of the agreement should not justify Husband's failure to honor the agreement made by his first attorney. This is particularly true in circumstances like those presented here, where Sheppard's swift efforts to obtain a final judgment without notice to Wife or her counsel — quite apart from the existence of any agreement between counsel or Sheppard's knowledge thereof — appear alarmingly calculated, if not deliberately blind-siding. The record reflects that, a mere seven days after entering her appearance in the case, Sheppard filed Husband's motion seeking a final decree of divorce without an evidentiary hearing and the very next day presented ex parte a final judgment and decree of divorce for the trial court's signature; these acts were taken without any attempt to communicate with Law despite the paper trail of recent correspondence between Law and Turner, to which Sheppard must have been privy, regarding deposition scheduling and settlement, clearly evidencing Wife's active litigation of the matter. These circumstances clearly warrant relaxation of the harsh consequences of OCGA § 9-11-5 (a). See *Melcher v. Melcher*, 274 Ga. 711 (559 SE2d 468) (2002) (trial court properly granted new trial despite defendant's failure to file answer where plaintiff's counsel scheduled final hearing without notice amidst parties' active settlement negotiations); *Green v. Green*, 263 Ga. 551 (437 SE2d 457) (1993) (trial court abused discretion in failing to set aside judgment entered without notice where evidence reflected counsel's active efforts to ensure case tried in opponent's absence). Compare *Hardwick v. Hardwick*, 245 Ga. 570 (266 SE2d 184) (1980) (defendant's failure to file answer reflected that divorce was uncontested).

In sum, because the divorce decree is unsupported by evidence,

---

testimony as to this issue would be significant, Husband's second counsel, Carol Sheppard, did not secure Turner's attendance at the motion for new trial hearing and expressly consented on the record to the trial court's making a decision without the benefit of his testimony.

and because the manner of resolution of this case violated basic notions of fairness and professionalism, I must respectfully dissent.

I am authorized to state that Presiding Justice Carley and Justice Benham join in this dissent.

DECIDED FEBRUARY 1, 2010 —
RECONSIDERATION DENIED MARCH 15, 2010.

*Whitmer & Law, George H. Law III*, for appellant.
*Carol S. Sheppard, Vic B. Hill, Brad E. MacDonald*, for appellee.